COREIL, Judge Pro Tem.
Defendant, Clarence Jones, Jr., was charged by grand jury indictment with forcible rape, a violation of La.R.S. 14:42.1. After trial before a jury of twelve, Jones was found guilty. He was initially sentenced to imprisonment of forty years at hard labor in the custody of the Department of Corrections, with two years to be served without benefit of probation, parole, or suspension of sentence. The State filed a bill of information charging the defendant as an habitual offender under La.R.S. 15:529.1. He was found to be an habitual *82 offender and was re-sentenced to imprisonment for eighty years at hard labor in the custody of the Department of Corrections. This Court granted Jones an out-of-time appeal based upon his attorney’s failure to perfect assignments of error and to submit a brief on appeal. Jones now appeals from this conviction and sentence based upon two assignments of error.
By his first assignment of error, Jones contends the trial court erred in denying defense counsel’s objection to the introduction of evidence seized pursuant to an allegedly illegal, warrantless arrest made without probable cause. We find no merit in defendant’s contention.
Pursuant to the victim’s description of her assailant, the police approached Jones and asked him to come with them to the police station. Prior to having him enter the police vehicle, Jones was subjected to a pat-down search for weapons. In the search, the police discovered a knife and a pack of cigarettes, which were seized from the defendant. The trial court correctly found that the police had a right to conduct the pat-down search before putting the suspect in the car to go to the police station for a line-up.
We also note that the record is void of a pre-trial motion to suppress. Defense counsel was aware of this evidence as the State indicated in paragraph four of its answer to the motion for a bill of particulars that the evidence had been seized. La. C.Cr.P. art. 703(F) states, in pertinent part, that the “[fjailure to file a motion to suppress evidence in accordance with this Article [i.e., prior to trial] prevents the defendant from objecting to its admissibility at the trial on the merits on a ground asserta-ble by a motion to suppress.” See State v. Jones, 340 So.2d 563 (La.1976); State v. Walker, 534 So.2d 81, 84 (La.App. 3 Cir.1988); La.C.Cr.P. art. 521.
Finally, we note that the victim identified the defendant as her assailant, without hesitation, out of a line-up and again at the trial. As such, we find that the defendant’s conviction was based upon sufficient evidence with or without the evidence seized. Accordingly, we find no error in the trial court’s denial of Jones’ motion to suppress.
By his second assignment of error, Jones contends that the trial court erred in imposing an excessive sentence. Within this contention, he argues that the trial court erred in relying on his trial testimony in establishing his status as an habitual offender at the subsequent habitual offender hearing.
The State’s habitual offender bill of information alleges that Jones was convicted on November 11, 1980, of attempted burglary of a dwelling in Mississippi. At the habitual offender hearing, the warrant for Jones’ arrest as a parole prisoner was entered into evidence, together with fingerprints and a photograph authenticating that Jones was sentenced in 1980 for four years for attempted burglary of a dwelling.
Pursuant to La.R.S. 15:529.1, upon Jones’ second felony conviction, he is subject to imprisonment of not more than twice the longest term prescribed for a first conviction. See La.R.S. 15:529.1(A)(1). Pursuant to La.R.S. 14:42.1 B, the first four years of his imprisonment must be served without benefit of probation, parole, or suspension of sentence.
As such, we find that the State has carried its burden of proof in proving that Jones is an habitual offender without the use of defendant’s admission of his history of prior criminal activity in the trial on the merits. Insofar as the maximum sentence would be the same for a second or third felony offender, we find the court’s failure to specify whether the defendant is being sentenced as a second or third felony offender is harmless error.
Additionally, after our review of the record, we do not find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and therefore is nothing more than needless imposition of pain and suffering. See State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Everett, 530 So.2d 615 (La. *83 App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). As such, we find no merit in Jones’ second assignment of error.
CONCLUSION
Based upon the foregoing, the conviction and sentence of Clarence Jones, Jr. sentencing him to imprisonment of eighty years at hard labor, the first four years to be served without benefit of probation, parole, or suspension of sentence are hereby affirmed.
AFFIRMED.