679 So.2d 181 (1996)
STATE of Louisiana
v.
Kirk D. ANDERSON.
No. 95-KA-1252.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1996.
*182 Edward Newman, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before BARRY, KLEES and MURRAY, JJ.
MURRAY, Judge.
Kirk D. Anderson was charged with forcible rape, second degree kidnapping and aggravated crime against nature. He was found guilty as charged on all counts, and adjudicated a multiple offender. He was sentenced to eighty years at hard labor without benefit of probation, parole or suspension of sentence as a multiple offender on the forcible rape count. He was sentenced to serve five years at hard labor without benefits on the second degree kidnapping and fifteen years at hard labor without benefits on the aggravated crime against nature. All sentences were run concurrently.
At the time of the incident, the victim[1] was staying at the apartment of her cousin and her cousin's boyfriend. Her cousin used the bedroom and the victim slept on the couch. Late on the night of February 14, 1993, the victim received a call from a male friend that she had known for about a week. He told her he was coming over to visit. When he arrived, Mr. Anderson, who was his cousin, was with him. The victim and the two talked for a while. Mr. Anderson asked the victim to step outside with him for a moment, which she did. He then grabbed her by the neck and dragged her away. The victim's friend started to intercede, but stopped when Mr. Anderson threatened to kill her. The friend then called the police to report a kidnapping, *183 possibly involving a weapon, and gave the police a description of Kirk Anderson. Officer Lisa Williams, who responded to the call, went with Mr. Anderson's cousin to look for Mr. Anderson and the victim.
Meanwhile, Kirk Anderson dragged the victim to a vacant lot with overgrown grass and weeds and proceeded to force her to perform oral sex, face-to-face vaginal intercourse and vaginal intercourse from the rear. During intercourse he told the victim he had been "wanting to f somebody." After Mr. Anderson finished, he asked the victim if she would tell anyone and she assured him she would not. They then walked together back to the apartment where the victim was staying, but no one answered their knock. Mr. Anderson left and the victim knocked on the door of someone else in the building, who let her in.
Investigating officer, Detective Joseph Goines, observed a fake fingernail by the front door of the apartment, which was apparently torn from the victim's finger as she was forcefully taken away. Officer Goines also observed scratches on the victim's arms, legs, and neck. The examining doctor found bruises on the victim's neck and scratches on her legs and lacerations to her vagina which were consistent with the history presented and with non-consensual intercourse. He further found semen on the liner of the victim's panties.
Detective Goines obtained a photo line-up which he presented to the victim, who positively identified Kirk Anderson as her assailant. Mr. Anderson was arrested three months later at his home in Baton Rouge.
Mr. Anderson admitted that he was the person who left the apartment with the victim and further admitted to oral and vaginal intercourse. However, he said that it was not only consensual, but that the victim came on to him. He suggested that he had been set up by his cousin, of whom he had gotten the better at an altercation a week prior to the incident. He admitted that he did not turn himself in even though he knew the police were looking for him. On cross-examination, Mr. Anderson admitted that he was on parole for armed robbery, to which he pled guilty, but denied that he was guilty of that offense.

PATENT ERROR REVIEW
A review of the record for patent errors indicates that motions for new trial and for judgment of acquittal notwithstanding the verdict were filed prior to sentencing but were never considered, in contravention of La.C.Cr.P. arts. 853 and 861. These motions were eventually heard on remand from this court.[2] Because the motions were pending at the time of sentencing, the appellant's sentences should be vacated and the case remanded for resentencing. See State v. Randolph, 409 So.2d 554 (La.1981); State v. Brown, 620 So.2d 508 (La.App. 4th Cir.1993), writ den. 625 So.2d 1062 (1993).
There are no other errors patent.

ASSIGNMENT ONE
Mr. Anderson contends that the trial court erred in not excusing juror Delores Duvall for cause. During voir dire, Ms. Duvall responded affirmatively to the question from the district attorney that she knew or was related to someone who had been raped. Upon further questioning, she stated that it was a long time ago and she felt that it would not keep her from making a fair judgment in this case. Defense counsel did not pursue the matter on voir dire. After the jury was sworn, defense counsel brought it to the attention of the court that Ms. Duvall's daughter had been raped. Counsel averred that Ms. Duvall had perjured herself during voir dire.
The court questioned Ms. Duvall about her answers on voir dire and noted that she "explained that she is an intelligent woman and she could get past that past event and that event would not influence her in this case at all." The court further noted that it *184 believed she could, as was "very obvious from her demeanor."
The court then reviewed the tape, which confirmed that Ms. Duvall responded affirmatively to the question posed by the State, and that defense counsel simply did not pursue the issue. Considering the truthful responses of the juror and her apparent demeanor as noted by the trial court, it was not error to allow Ms. Duvall to remain on the jury.
This assignment has no merit.

ASSIGNMENT TWO
Mr. Anderson next contends that his attorney rendered ineffective assistance of counsel by failing to perform an effective voir dire examination. A claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Strickland, at 686-88, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
In the instant case defense counsel failed to pay sufficient attention to the answers of the prospective jurors when they were questioned by the district attorney. As a result, he failed to note juror Duvall's response that she was related to someone affected by a rape. It is apparent from counsel's reopening of the issue after the jury was sworn, that he would have attempted to keep Ms. Duvall from serving on the jury had he been paying closer attention to her voir dire responses. However, considering the evidence produced by the State and the incredible evidence produced by the defense, removal of Ms. Duvall from the jury would not have affected the verdict. Mr. Anderson was not prejudiced by the ineffective assistance of counsel.
This assignment has no merit.

ASSIGNMENTS THREE AND FOUR
Assignments of error three and four relate to the sentences, which must necessarily be vacated, they are not considered.
The convictions are affirmed and the sentences are vacated. This case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[1] Considering the nature of the offense, the victim's name is not used in this opinion in keeping with the policy of this court.
[2] On February 22, 1996, this court ordered the trial court to consider the motion for new trial within thirty days. Per submitted minute entries, on March 22, 1996 the defendant appeared with counsel and requested that he be allowed to hire counsel. The matter was then set for hearing to determine counsel. On April 4, 1996, the defendant appeared with counsel and the motion was denied.