728 So.2d 14 (1998)
STATE of Louisiana
v.
Kirk D. ANDERSON.
No. 97-KA-2587.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1998.
*16 Arcenious F. Armond, Jr., Gretna, Louisiana, Attorney for Defendant/Appellant, Kirk D. Anderson.
Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, Attorneys for Appellee, The State of Louisiana.
Court composed of Chief Judge PATRICK M. SCHOTT, and Judge WILLIAM H. BYRNES, III and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Kirk D. Anderson appeals his conviction and sentence for forcible rape, second degree kidnapping, and aggravated crime against nature. He also appeals his adjudication and sentence as a second offender. For the following reasons, we affirm the habitual offender adjudication, set aside the sentence, and remand for resentencing.

STATEMENT OF THE CASE:
On July 19, 1993, defendant, Kirk D. Anderson, was charged by bill of information with one count of forcible rape, one count of second degree kidnapping, and one count of aggravated crime against. A jury found Mr. Anderson guilty as charged on all three counts. He filed motions for new trial and for post-verdict judgment of acquittal. These motions were not heard prior to the multiple bill and sentencing hearing, following which Mr. Anderson was adjudicated a second felony offender on count one (forcible rape) and sentenced to eighty years at hard labor without benefit of probation, parole or suspension of sentence. He was sentenced to five years at hard labor on the second degree kidnapping conviction and five years at hard labor without benefit of probation, parole or suspension of sentence on the aggravated crime against nature conviction.[1] While Mr. Anderson's appeal was pending this Court noted that the trial court had not ruled upon the post-trial motions, and ordered the trial court to consider them. Both motions were denied. On appeal, this Court affirmed the convictions, vacated the sentences and remanded for resentencing because Mr. Anderson had been sentenced prior to the hearing on his post-trial motions. State v. Anderson, 95-1252 (La.App. 4 Cir. 7/31/96), 679 So.2d 181.
On February 5, 1997, the trial court resentenced Mr. Anderson to serve forty years at hard labor on the forcible rape conviction, fifteen years at hard labor on the aggravated crime against nature conviction, and five years at hard labor on the second degree *17 kidnapping conviction. All sentences were to be served without benefit of probation, parole or suspension of sentence, and were to run concurrently. On the same day, the State filed a multiple bill of information. At the multiple bill hearing the trial court adjudicated Mr. Anderson a second felony offender on the forcible rape conviction and sentenced him to eighty years at hard labor without benefit of probation, parole or suspension of sentence. Mr. Anderson's motion to reconsider sentence was denied, and his motion for appeal was granted.

DISCUSSION:

A. Errors Patent and Assignment of Error No. 9

A review of the record for errors patent reveals one. The trial court initially sentenced Mr. Anderson to serve forty years at hard labor without benefit of probation, parole or suspension of sentence on the forcible rape conviction. Thereafter, the State filed a multiple bill of information alleging that Mr. Anderson was a second felony offender. After a hearing, the trial court adjudicated Mr. Anderson a multiple offender and sentenced him on the forcible rape charge to eighty years at hard labor without benefit of probation, parole or suspension of sentence under the multiple offender statute. However, the trial court failed to vacate the original sentence imposed on the forcible rape conviction prior to sentencing under the multiple bill. Such error requires that Mr. Anderson's sentence under the multiple bill be vacated and the matter remanded for resentencing.[2]State v. Carter, 96-358 (La. App. 5 Cir. 11/26/96), 685 So.2d 346.

B. Assignment of Error No. 1

In this assignment, Mr. Anderson contends the State failed to prove that he was convicted of a prior felony offense. In the multiple bill of information, the State alleged that Mr. Anderson pled guilty to armed robbery in July of 1989 and was sentenced to seven years at hard labor without benefit of parole, probation or suspension of sentence. Mr. Anderson argues the evidence produced by the State was not sufficient to establish identity and/or that he knowingly and voluntarily pled guilty to the predicate offense.
Mr. Anderson failed to file a written response to the multiple bill of information complaining of the irregularity pursuant to La.Rev.Stat. 15:529.1(D)(1)(b), however, he did object orally. His oral objection is sufficient to preserve the issue for appellate review. See State v. Lorio, 94-2591 (La.App. 4 Cir. 9/28/95), 662 So.2d 128.
To obtain a multiple bill conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Hawthorne, 580 So.2d 1131 (La.App. 4 Cir.1991). The defendant's identity may be shown by a variety of methods, including the testimony of witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record. State v. Curtis, 338 So.2d 662 (La.1976). Establishing that the defendant's name and that of the person previously convicted is the same is insufficient evidence of identity under La.Rev.Stat. 15:529.1. Curtis, supra; State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, writ denied, 97-1637 (La.12/12/97), 704 So.2d 1180.
At the multiple bill hearing held on April 18, 1997, the State produced a certified copy of Mr. Anderson's conviction for armed robbery and a certified copy of the transcript from the multiple bill hearing held on January 10, 1995. The trial court admitted the transcript of the prior multiple bill hearing over Mr. Anderson's objection. The trial court correctly noted that the transcript was certified and therefore, admissible. See La. Code Evid. art. 904. However, the certified records of the prior conviction do not contain Mr. Anderson's fingerprints. He argues that without a comparison of his fingerprints, the State is unable to prove his identity as the person previously convicted of armed robbery. The State counters that Mr. Anderson's date of birth found on the arrest report for the present offense (August 1, *18 1966) is the same date of birth found on the sentencing minute entry and commitment from the prior armed robbery conviction. Such evidence alone, however, is not sufficient to establish a defendant's identity. Id.
However, Mr. Anderson's testimony at the hearing on January 10, 1995, acknowledging the prior conviction and introduced at the April 18, 1997, multiple bill hearing, is sufficient to establish his identity as the person previously convicted of armed robbery on July 11, 1989. At the first multiple bill hearing, the State introduced evidence reflecting that Mr. Anderson was advised of his Boykin[3] rights prior to pleading guilty to the predicate offense. In response, Mr. Anderson testified on his own behalf that although the trial court advised him of his rights, he did not understand the rights he was waiving. After examination by his counsel, the trial court and then the State questioned him on his waiver of rights. During the cross-examination, Mr. Anderson admitted that he was the person who pled guilty to armed robbery on July 11, 1989. Thus, the State proved Mr. Anderson's identity as the person who was previously convicted of the predicate offense through his own testimony.
Mr. Anderson also contends that the State was not able to prove that he was advised of his Boykin rights prior to pleading guilty to the predicate offense. The certified copy of Mr. Anderson's prior conviction included the bill of information, the written waiver of rights signed by Mr. Anderson, his counsel and the trial judge, the sentencing and guilty plea minute entry of July 11, 1989, and the commitment. These documents reflect that Mr. Anderson plead guilty to armed robbery on July 11, 1989, and was sentenced to serve seven years at hard labor without benefit of probation, parole or suspension of sentence. The waiver of rights form and minute entry reflect that the trial court advised him of his Boykin rights prior to accepting the guilty plea. The transcript of the Boykin hearing reveals that the trial judge advised Mr. Anderson of his rights prior to accepting his guilty plea to the armed robbery charge. The trial judge advised Mr. Anderson of his right to a jury trial, right to appeal, right to have the State prove his guilt beyond a reasonable doubt, and right to remain silent. After advising Mr. Anderson of these rights, the trial judge asked him if he was freely and voluntarily making the plea. Mr. Anderson answered in the affirmative.
Furthermore, the transcript of the first multiple bill hearing (introduced by the State at the second multiple bill hearing) reveals that the trial court questioned Mr. Anderson about the waiver of rights executed in the predicate offense. During questioning by the trial court, Mr. Anderson admitted that the trial judge in the predicate offense advised him of the possible sentence range for an armed robbery conviction, and that he was giving up his rights to a trial and against self-incrimination.
The documents produced by the State were thus sufficient to show that Mr. Anderson was adequately advised of his Boykin rights prior to pleading guilty to the predicate offense, and that the plea of guilty was knowingly and voluntarily made. The trial court did not err when it adjudicated Mr. Anderson to be a second felony offender.

C. Assignments of Error Nos. 2, 5, 6, and 8

Mr. Anderson makes several claims of trial court error. However, his conviction has been affirmed, State v. Anderson, supra, and that judgment has become final. See La. Code Crim. Proc. art. 922. Therefore, Mr. Anderson may appeal only his resentencing. These alleged trial errors should have been raised in Mr. Anderson's first appeal. Any issues not raised in the original appeal, which could have been raised, are considered waived. State v. Freeman, 565 So.2d 1084 (La.App. 4 Cir.1990).

D. Assignment of Error No. 3

In this assignment of error, Mr. Anderson alleges that he was denied a fair trial because of ineffective assistance of his trial counsel.
Generally, the issue of ineffective assistance of counsel is a matter more properly *19 addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Hampton, 94-1943 (La.App. 4 Cir. 12/27/96), 686 So.2d 1021, writ denied, 97-0166 (La.6/13/97), 695 So.2d 986. But an evidentiary hearing is not necessary where the record on appeal is sufficient to permit a determination of counsel's effectiveness at trial. State v. Seiss, 428 So.2d 444 (La.1983); State v. Holmes, 95-2249 (La.App. 4 Cir. 10/29/97), 701 So.2d 752, writ denied, 98-0149 (La.6/26/98), 719 So.2d 490. Under such circumstances, it is in the interest of judicial economy to dispose of the issue on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909; State v. Holmes, supra.
In evaluating Mr. Anderson's claims of ineffective assistance of counsel, we apply the standard set forth in State v. Sparrow, 612 So.2d 191 (La.App. 4 Cir.1992):
The relator's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel's performance was deficient and that the deficiency prejudiced the relator. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the relator if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the relator "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 693, 104 S.Ct. at 2068. The relator must make both showings to prove that counsel was so ineffective as to require reversal.
Effective counsel has been defined to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. State v. Seiss, supra at 449; State v. Ratcliff, 416 So.2d 528, 531 (La.1982).
Mr. Anderson claims that he was prejudiced because his trial counsel appeared two hours late for trial, which caused the court to consider holding counsel in contempt. However, the record indicates that all of the discussions concerning trial counsel's tardiness were held outside the presence of the jury panel, and did not prejudice Mr. Anderson. Similarly, counsel's objection to the composition, which was mostly female, as being unfair because of the nature of the case was raised outside the presence of the jury panel, and did not prejudice Mr. Anderson.
Mr. Anderson also contends that trial counsel was ineffective during voir dire because he did not raise a Batson[4] claim, based on the State's systematic exclusion of blacks from the jury, particularly in light of the State's reverse Batson claim. In order to order to prevail on this issue, Mr. Anderson must prove that the State improperly used its peremptory challenges to exclude jurors of his race, and that he was prejudiced thereby. Considering the overwhelming evidence against him, which was fully discussed in the opinion in the original appeal, affirming his conviction, Mr. Anderson cannot show that the makeup of the jury affected the outcome of his trial.
Another instance of ineffectiveness raised by Mr. Anderson is that trial counsel did not object timely to the selection of the alternate juror. Because the panel had been sworn, the trial court would not allow counsel to use a challenge for cause to strike the alternate. However, because the alternate juror did not deliberate, Mr. Anderson cannot show that he was prejudiced.
Mr. Anderson claims also that his trial counsel was ineffective in not challenging a juror who admitted that her daughter had been raped. He also claims that he was *20 prejudiced because counsel asked this juror if she could find Mr. Anderson "innocent," as opposed to "not guilty." The issue of this juror's presence on the jury was decided in the original appeal. This Court found that there was no error in allowing her to remain on the jury. That determination has become final. See La.Code Crim. Proc. art. 922. Therefore, counsel cannot have been ineffective as a consequence of this juror's presence on the jury.
Mr. Anderson also complains that counsel was ineffective because he did not properly oppose the State's motion in limine to preclude testimony concerning the victim's sexual history. This motion was heard in chambers, and there is a transcript sufficient to dispose of this claim.
Trial counsel indicated the he would introduce evidence of the victim's alleged habit of exchanging sex for drugs. The State objected based on La.Code Evid. art. 412. The trial court correctly sustained the motion.
Louisiana Code of Evidence art. 412 basically provides that the only time a victim's prior sexual history is admissible is if the defendant wishes to demonstrate another possible source of semen or injury within seventy-two hours of the crime charged, or that the victim had sexual relations with the defendant on prior occasions. Because Mr. Anderson did not wish to introduce his evidence for either of these purposes, it was inadmissible. There was no error in the trial court's ruling, and thus no prejudice to Mr. Anderson.
In the last issue briefed pertaining to the ineffective assistance of counsel claim, Mr. Anderson alleges that counsel failed to request a toxicology report of the victim. A review of pre-trial discovery filed on behalf of Mr. Anderson reveals that his counsel requested inspection and/or copies of any reports of any physical or mental examination, and of scientific tests or experiments, intended for use at trial. The State responded to the request, and there is no indication in the record that the State failed to respond to discovery. This assignment has no merit.
Although Mr. Anderson raises two additional instances of ineffective assistance of counsel, he has not briefed either. Any specification or assignment of error not briefed is considered abandoned. Rule 2-12.4, Uniform Rules Courts of Appeal, State v. Holmes, 95-2249, p. 15 (La.App. 4 Cir. 10/29/97), 701 So.2d 752, 760.

D. Assignment of Error No. 4

As a result of Mr. Anderson's first appeal, State v. Anderson, supra, this Court remanded the case because Mr. Anderson was sentenced prior to a hearing on his post trial motions. In this assignment of error, Mr. Anderson complains that his post trial motion for new trial was denied without a hearing. However, the docket master in this case indicates that a hearing was held on Mr. Anderson's motion for new trial on October 24, 1996. Appellate counsel indicated in brief that he would supplement the record with a transcript of the hearing, but has not done so. This assignment is without merit.

E. Assignment of Error No. 7

Mr. Anderson also complains that the sentence imposed under the multiple bill statute by the trial court was unconstitutionally excessive. Although the sentence under the multiple bill must be vacated, this assignment will be discussed in the interest of judicial economy.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La.App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.Code Crim. Proc. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine *21 whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983). The trial judge has wide discretion in sentencing, and a sentence should not be set aside absent manifest abuse of that discretion. State v. Sweeney, 443 So.2d 522 (La.1983).
In the present case, the trial court sentenced Mr. Anderson as a second felony offender, to eighty years at hard labor without benefit of probation, parole or suspension of sentence. This sentence is the maximum allowable under La.Rev.Stat. 14:42.1 and La. Rev.Stat. 15:529.1. The trial court adopted its reasons enunciated at the hearing held on January 10, 1995, when it sentenced Mr. Anderson on April 18, 1997. The trial court stated:
In sentencing this defendant, this defendant committed an armed robbery, was given a rather light sentence in Jefferson Parish to seven (7) years, at his admission. The defendant was not out of jail more than a few months and then the defendant commits an aggravated rape[5], an aggravated crime against nature and a second degree battery upon a very small individual. I think he has ended his right to be outside the penitentiary. He has ended his right to be outside. Somebody that habitually injures people, puts guns on them, rapes them, dehumanizes them does not belong in society. When I'm giving this sentence I know he can't finish it, but it's just saying, don't ever bring him back. Eighty (80) years Department of Corrections, without benefit of probation, parole or suspension of sentence, meaning life, cause he's nothe's a menace to society.
(Multiple bill hearing held on January 10, 1995, p. 10).
At the hearing on April 18, 1997, the trial court further commented:
I don't get pleasure in putting people in the penitentiary, but I also don't believe that some people who constantly put guns on people, who rape them, pillage them, and just think that they can dehumanize human beings should be allowed to live with us in this society. And I am resentencing the defendant to the exact same time I sentenced him before as a multiple offender, eighty years in the Department of Corrections, credit for time served ... [w]ithout benefit of probation, parole, or suspension of sentence, and my comments are exactly the same.... All you have to do is be one of those people being dehumanized or be the wife or child of one of those people and you would feel the same way.
(Multiple bill hearing held on April 18, 1997, p. 9).
In State v. Jones, 606 So.2d 81 (La.App. 3 Cir.1992), the defendant was convicted of forcible rape and later adjudicated a second felony offender. The trial court sentenced the defendant to eighty years at hard labor without benefits. The Third Circuit upheld the defendant's sentence noting that the defendant's prior conviction was for attempted burglary of a dwelling.
Mr. Anderson was previously convicted of armed robbery. He and a co-conspirator, armed with a knife and a gun, robbed a woman of her automobile. As noted by the trial court, Mr. Anderson pled guilty and was sentenced to seven years. He was released in November of 1992, and committed the present offenses on February 15, 1993. The evidence introduced at trial revealed the victim was seized by her neck, choked, and dragged to a nearby vacant lot where she was raped and forced to perform oral sex. Mr. Anderson's cousin told the police that when he tried to intervene, Mr. Anderson threatened to kill the victim. This statement was corroborated by the victim. In addition to the emotional injuries sustained as a result of the attack, the victim also sustained bruises on her neck, scratches on her arms and legs, and lacerations to her vagina. At trial, *22 Mr. Anderson showed no remorse and contended he was innocent because he and the victim engaged in consensual sex. In sentencing Mr. Anderson, the trial court recognized the severity of the harm inflicted on the victim and that the sentence imposed was intended so that Mr. Anderson would never have the opportunity of inflicting such harm on another person. The court also correctly noted that Mr. Anderson engaged in these criminal offenses only three months after being released from prison on his prior offense. In light of the circumstances of the present case, the trial court did not abuse its discretion when it sentenced the defendant to eighty years at hard labor without benefit of probation, parole or suspension of sentence.
This assignment is without merit.
Accordingly, the adjudication under the habitual offender statute is affirmed. The sentence is set aside, and the matter remanded for resentencing.
HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE SET ASIDE; REMANDED FOR RESENTENCING
NOTES
[1] There is some discrepancy in the record on this portion of the sentence. The minute entry for January 10, 1995, indicates that Mr. Anderson was sentenced to five years on the aggravated crime against nature conviction; but a February 5, 1997 minute entry indicates that the sentence was fifteen years for this charge.
[2] Also see Assignment of Error No. 1, infra.
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[4] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[5] The State informed the trial court that Mr. Anderson was convicted of forcible rape, and the trial court then corrected itself.