I,WALTZER, Judge.
Defendant, Joseph Griffin, appeals his conviction and sentence for possession of a firearm by a felon.
STATEMENT OF THE CASE
Griffin was charged by bill of information on 22 September 1998 with possession of a firearm after having been previously convicted of a felony. He pled not guilty. Griffin was found guilty as charged on 30 November 1998, following trial by a twelve-person jury. On 14 December 1998, the trial court sentenced defendant to ten years at hard labor, without benefit of parole, probation or suspension of sentence, and imposed a fine of one thousand dollars.
STATEMENT OF FACTS
Griffin stipulated that he pled guilty to possession of cocaine on 13 September 1991, and received a sentence of four years at hard labor, suspended, with two years active probation. Furthermore, he stipulated that he was prohibited from possessing a firearm from 13 September 1991 to 13 September 2003.
New Orleans Police Officer Vincent Smith testified that on 30 July 1998, he and his partner, Officer Ricky Jackson, stopped a Jeep with an expired temporary license tag. When he approached the vehicle he smelled the strong odor of | {.marijuana, and observed a plastic bag containing marijuana in plain view on the front seat of the vehicle. The four occupants, including defendant, were ordered out of the vehicle. After a canine alerted on the marijuana, all four individuals were searched. Officer Smith said that Officer Jackson recovered a .38 caliber derringer from defendant’s person, a gun that he identified in evidence. Officer Smith denied that either he or Officer Jackson threatened to “pin” a charge on defendant if he did not give them some information. On cross examination, Officer Smith said it was discovered that defendant was a convicted felon. He admitted that police later searched the driver’s residence and recovered a number of weapons, drugs, computers, and stereo equipment.
New Orleans Police Detective Ricky Jackson’s testimony corroborated that of Officer Smith. He also said Officer Smith advised the four individuals of their Miranda rights. Det. Jackson further testified that he searched defendant incidental to defendant’s arrest for the marijuana, and recovered a loaded chrome, pearl-handled derringer from defendant’s right front pocket, which he identified. He said defendant had been seated in the front passenger seat, and that all four individuals were arrested. Det. Jackson testified on cross examination that the derringer was stolen, and testified as to the types of firearms recovered during a search of the drivers’ residence.

ERRORS PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR

By Griffin’s sole assignment of error, he claims that counsel was ineffective in failing to challenge a juror who informed the court that Officer Smith had been coming in and out of his barber shop for ten years.
 “As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted.” State v. Howard, 98-0064, p. 15 (La.4/23/99); 751 So.2d 783, 801, cert. denied, Howard v. Louisiana, — U.S. -, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). However, where the record is sufficient, the claims may be addressed on appeal. State v. Wessinger, 98-1234, p. 43 (La.5/28/99); 736 So.2d 162, 195, cert. denied, Wessinger v. Louisiana, — U.S. -, 120 S.Ct. 589, 145 L.Ed.2d 489 (1999); State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99); 738 So.2d 143, 147. Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 *605 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Brooks, 94-2438, p. 6 (La.10/16/95); 661 So.2d 1333, 1337 (on rehearing); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99); 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. Brooks, supra; State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99); 733 So.2d 736, 741. Counsel’s performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland at 686, 104 S.Ct. at 2064; State v. Ash, p. 9 (La.App. 4 Cir. 2/10/99); 729 So.2d 664, 669, unit denied, 99-0721 (La.7/2/99), 747 So.2d 15. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel’s deficient performance the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the ^outcome.” Strickland, at 693, 104 S.Ct. at 2068; State v. Guy, 97-1387, p. 7 (La.App. 4 Cir. 5/19/99); 737 So.2d 231, 236.
This court has previously recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” Bordes, supra, at 147, quoting State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” Id. quoting State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). Following Officer Smith’s appearance as a witness, a juror apparently attracted the attention of the court. The juror, presumably in open court and in the presence of the other jurors, informed the court that he had just realized that Officer Smith had been to his barber shop. The court asked the juror if that would affect his ability to serve further in the case, and the juror replied: “Well, no, but I’ve been knowing him over, like, ten years.” The trial court then stated: “Anything further by the attorneys of the gentleman? He says it doesn’t- affect him.” 'Defense counsel responded that he thought the juror would “be fair.”
Defendant criticizes trial counsel’s performance in failing to question the juror as to the extent of his relationship with Officer Smith, or delve into whether or not he would tend to believe the officer because of that relationship. He claims the juror’s general answer failed to insure that the juror would not take that relationship into account- when rendering a verdict. Defendant claims such an | ¡/inquiry was all the more important because trial counsel’s apparent defense was based on discounting the credibility of the officers.
In State v. Anderson, 95-1252 (La.App. 4 Cir. 7/31/96); 679 So.2d 181, this court rejected a rape defendant’s claim of ineffective assistance of counsel where defense counsel failed to notice a juror’s statement during voir dire that she was related to a rape victim. This court even noted that it was clear that counsel would have attempted to keep the juror from serving had he heard this statement. This court found that, due to the strength of the evidence produced by the State, and the incredible evidence presented by the defendant, removal of the juror “would not have affected the verdict.” 95-1252 at p. 5; 679 So.2d at 184. Further, this court held that the trial court had not erred in failing to excuse the juror for cause, as it had questioned her, and she had explained that the prior incident would not influence her in the defendant’s case.
*606 In the instant case, trial counsel apparently believed the juror’s statement that his “relationship” with the officer would not affect his ability to render a proper verdict. Defendant had exhausted his peremptory challenges. As in Anderson, it does not appear the trial court was at all inclined to excuse the juror for cause. Thus, defense counsel could have believed that any further questioning of the juror would have served no purpose. Considering the juror’s response to the court’s question regarding his ability to serve as a juror on the case despite his relationship with Officer Smith, it is doubtful that this court would have disturbed a trial court ruling refusing to excuse the juror for cause. Therefore, counsel’s performance in failing to further pursue the matter cannot necessarily be said to have been deficient.
IsIn addition, perhaps trial counsel heard something from this juror during voir dire that indicated that the juror would be favorable to defendant’s case. Perhaps trial counsel felt that further questioning the juror, or seeking to have him removed, might have adversely affected the attitudes of the other jurors toward defendant. Such a strategy on the part of defense counsel cannot form the basis of a claim of ineffective assistance of counsel.
Additionally, Det. Jackson’s testimony was considerably stronger than Officer Smith’s. Det. Jackson was the officer who actually searched defendant and seized the firearm from his front pants pocket. Det. Jackson testified that the four occupants of the car were advised of their Miranda rights. Det. Jackson also testified in detail about the firearms and ammunition seized from the residence of the driver of the vehicle, all in answer to defense counsel’s line of questioning which apparently was intended to suggest to the jury that the gun belonged to the driver.
Defendant’s trial involved a simple case. Four individuals were stopped in a vehicle reeking of marijuana. They were all arrested after a substantial amount of marijuana was found on the front seat between the driver and the front passenger seats. Defendant was sitting in the front passenger seat. All four of the individuals were searched incidental to lawful arrests for the marijuana. Det. Jackson found a derringer in defendant’s front pants pocket. As in Anderson, it cannot be said that, but for trial counsel’s alleged deficient performance-even had the juror been further questioned and removed from the jury-there was a reasonable probability that the outcome of the trial would have been different. Accordingly, defendant has not shown that he was prejudiced by trial counsel’s alleged deficient representation.
|7There is no merit to this assignment of error.

CONCLUSION

For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.