TERRI F. LOVE, Judge.
I,The present appeal comes before us following this Court previously affirming the defendant Karrell Nora’s (“Mr. Nora”) conviction but remanding the matter to the trial court for resentencing in State v. Nora, 13-0892 (La.App. 4 Cir. 6/18/14), 143 So.3d 1237. Mr. Nora now seeks appellate review raising three assignments of error including: (1) the denial of his motion for new trial because his trial should have been severed from that of his co-defendant Delbert Celestine (“Mr. Celestine”); (2) the denial of his motion for mistrial based on the opening statements and the cross-examination of witnesses by Mr. Celes-tine’s counsel; and (3) ineffective assistance of trial counsel for failing to allege sufficient grounds for the severance. We find Mr. Nora’s first two assignments relating to his trial and conviction were previously addressed in his first appeal, and thus, are barred from reconsideration. La.C.Cr.P. art. 930.4. Additionally, Mr. Nora’s ineffective assistance of counsel claim is without merit as this Court fully addressed the severance issue in his first appeal. In that the present appeal is limited to issues relating to his resentencing, Mr. Nora raises none, nor does the record evidence |2any errors patent. Therefore, Mr. Nora’s sentence, as imposed by the trial court on remand, is affirmed.

PROCEDURAL HISTORY

The State of Louisiana charged Karrell Nora, a/k/a Steven Patterson, in June 2011, with being a convicted felon in possession of a firearm, a violation of La. R.S. 14-.95.1.[1] He subsequently pled not guilty at his arraignment. In September 2011, the trial court denied his motion to suppress the evidence and found probable cause to hold him for trial. The court denied the motion to sever Mr. Nora’s trial from that of his co-defendant Mr. Celes-tine in January 2012. Following a two-day trial in February 2012, a jury found Mr. Nora guilty as charged.
Thereafter, he filed a motion for new trial and in arrest of judgment. The State filed a multiple bill, and in June 2012, the trial court sentenced Mr. Nora to twenty years at hard labor without benefit of parole, probation, or suspension of sentence. After Mr. Nora pled guilty to being a second offender, the trial court vacated the original sentence and sentenced him as a second offender to serve twenty-five years at hard labor, to run concurrently to the sentence he received in return for his guilty plea to armed robbery in case number 507-039. Although counsel indicated that Mr. Nora wished to appeal his conviction and sentence, counsel did not file a motion for appeal until March 2013, at which time the court |agranted his motion. Counsel also withdrew, and the trial court appointed the Louisiana Appellate Project to represent Mr. Nora on appeal.
After the record was lodged, and after counsel filed an appellant brief on behalf of Mr. Nora, this Court remanded the case for a ruling on the outstanding motion for new trial and motion in arrest of judg- *1032 merit. The trial court denied the motions in December 2013. There is no indication, however, that the parties were notified that the trial court ruled on the motion. Additionally, in response to Mr. Nora’s pro se request, this Court forwarded the record and granted him time to file a brief; he later indicated that he declined to do so. This Court subsequently affirmed Mr. Nora’s conviction, vacated his sentence because the trial court did not rule on his motion for new trial prior to imposing his sentence, and remanded the case for re-sentencing.
On remand, Mr. Nora re-urged all objections made by Mr. Nora’s trial counsel, including the denial of the motion to sever defendants for trial. Additionally, he alleged that his trial counsel’s failure to file a motion for mistrial due to statements by Mr. Celestine’s defense counsel rendered Mr. Nora’s representation at trial ineffective. The trial court again denied the motion for new trial that it previously denied in December 2013. Mr. Nora waived delays, and the trial court sentenced him to serve twenty-five years at hard labor as a second offender, without benefit of parole, probation, or suspension of sentence. The trial court also suspended the fine. Counsel noted his objection to the denial of the motion for new trial and to the sentence. Subsequently, counsel filed a motion for | ¿appeal as well as a motion for reconsideration of sentence. The trial court granted his motion for appeal but denied the motion to reconsider sentence. Mr. Nora’s present appeal followed.

FACTUAL BACKGROUND

The following summary of facts adduced at trial is taken from this Court’s opinion in Mr. Celestine’s appeal, who was tried and convicted with Mr. Nora. Moreover, this factual recitation was also included in Mr. Nora’s first appeal.

OFFICER DARYLE HOLLOWAY’S TESTIMONY

Officer Daryle Holloway, a nineteen-year veteran of the New Orleans Police Department (“NOPD”), testified that, while assigned to the NOPD Fifth District Night Watch, he responded to a call of “shots fired” at The Sports View Night Club (“Club”) located at 1701 Elysian Fields Avenue, at 1:40 am. Officer Holloway identified photographs of the 1600 and 1700 blocks of Elysian Fields Avenue, and of the sports bar.
Officer Holloway was the first NOPD officer on the scene and observed a large number of people at the scene, which he described as chaotic. Security guards at the Club informed him that some individuals were fighting and left the Club in a silver Malibu with a Texas license plate. Officer Holloway was directed to the vehicle in question at the intersection of Elysian Fields and Der-bigny. The vehicle was stopped in the middle of the neutral ground. Officer Holloway and Officer Phil Burras approached the vehicle and, due to the nature of the call, Officer Holloway drew his weapon. The driver, Jasmine Tol-bert[2], was observed bleeding from his face. The three occupants of the vehicle were ordered to show their hands, and Mr. Tolbert was removed from the vehicle first. Mr. Celestine was sitting in the back seat of the vehicle and was observed with his hands in the air and a green shirt on his lap.
*1033 | sOfficer Holloway then heard Officer Burras yell “get down.” Officer Holloway saw Officer Burras with a Mac-11 machine pistol in his hands. Officer Holloway then observed Mr. Celestine sliding the green shirt off of his lap, which fell to the floor of the vehicle with a thump. Officer Holloway discovered that the object that fell from Mr. Celes-tine’s lap was a firearm. Officer Holloway secured Mr. Celestine, while Officer Burras secured the third occupant of the vehicle, who stated that his name was [Steven] Patterson.[3] Although Mr. Tol-bert ran, he was recaptured. Mr. Celes-tine and the other two occupants of the vehicle were taken to University Hospital.
Officer Holloway did not obtain statements from any of the witnesses at the crime scene, and did not fingerprint the confiscated firearm. Officer Holloway did not seize the green shirt from the backseat of the vehicle. He photographed neither the vehicle nor the green shirt.

OFFICER PHIL BURRAS’ TESTIMONY

When Officer Burras arrived at the scene, Officer Holloway was on site speaking with security. After being advised of the type of vehicle in which the suspects fled, the officers found the vehicle at the corner of Elysian Fields and North Derbigny. While Officer Holloway approached the driver, Officer Bur-ras approached the passenger side of the car, where Mr. Nora was seated in the front passenger seat. Officer Bur-ras ordered Mr. Nora from the vehicle and onto the ground, at which time he heard a metal object hit the ground. Officer Burras seized a Mac-11 from Mr. Nora’s waistband. He handcuffed Mr. Nora, and that’s when Mr. Tolbert fled. Officer Burras chased and captured Mr. Tolbert. All three occupants of the vehicle were arrested, and then transported to University Hospital. After taking all three suspects to a secured waiting area, Officer Burras observed Mr. Celestine run towards the exit door, but the door would not open.

OFFICER CALVIN BANKS’ TESTIMONY

Officer Calvin Banks responded to the scene and transported Mr. Celestine to University Hospital. Officer Banks believed that Mr. Celestine sustained injuries from a fight that occurred at the Club. Once beyond the security doors at the hospital, Mr. Celestine became rigid, fell to the floor, and jumped up and ran to the door. However, Mr. Celestine was unable to open the door because his hands were cuffed behind |fihis back. Officer Banks detained Mr. Celestine again and escorted him to the examining room.
Officer Burras extricated Mr. Nora from the car and placed him on the ground. The parties stipulated that Mr. Nora previously pled guilty in an earlier case to possession of cocaine and possession of marijuana, third offense, and both of these sentences were imposed within ten years of Mr. Nora’s arrest in the present case.
Nora, 13-0892, p. 2-4, 143 So.3d at 124041(quoting State v. Celestine, 12-1541, p. 2-4 (La.App. 4 Cir. 12/18/13), 131 So.3d 947, 950-51) (internal citations omitted).

WAIVER OF ASSIGNMENTS OF ERROR

In the present appeal, Mr. Nora raises assignments concerning the trial court’s *1034 denial of his motion for new trial; the trial court’s denial of a mistrial due to statements by Mr. Celestine’s counsel that supported the severance of the defendants for trial; and ineffective assistance of trial counsel for failing to present sufficient proof prior to and during trial to support a severance.
We find that Mr. Nora’s assignments presently before us refer to his conviction, which this Court affirmed in his prior appeal. Thus, the instant appeal is limited to his resentencing.
In his original appeal, Mr. Nora raised three assignments of error: (1) the trial court erred by denying the defense’s Bat-son challenge;[4] (2) the trial court erred by denying his motion to sever, or alternatively, by failing to grant a mistrial or an admonition; and (3) the trial court erred by failing to rule on his motion for new trial. This Court rejected the first assignment, and the third assignment ^became moot when the case was remanded for ruling on the motion for new trial, which it denied in December 2013.[5] This Court also rejected Mr. Nora’s second assignment of error. Affirming Mr. Nora’s conviction, this Court remanded the case for resentencing.
When the parties appeared for resen-tencing, defense counsel re-urged? the motion for new trial, asserting that the trial court should have severed Mr. Nora’s trial from that of Mr. Celestine. The trial court denied the re-urged motion for new trial that it previously denied and resen-tenced Mr. Nora.
In the instant appeal, Mr. Nora once again seeks review of the trial court’s denial of his motion for new trial on the basis that the trial court erred when it denied his motion for severance. He reiterates the claim from his first appeal that the opening statements of Mr. Celestine’s attorney, which acknowledged that Mr. Nora was armed and that the jury should convict him, were unfairly prejudicial. In Mr. Nora’s first appeal, we rejected this argument. Mr. Nora also points to three instances of Mr. Celestine’s cross-examination of the State’s witnesses to show that the trial court should have granted a mistrial because their defenses were antagonistic. Specifically, Mr. Nora avers that these instances demonstrate that Mr. Cel-estine’s defense at trial was to emphasize Mr. Nora’s guilt.
The severance issue was raised and rejected by this Court in Mr. Nora’s first appeal. Although it is not clear that his appellate counsel was notified when the trial court denied the motion for new trial, Mr. Nora’s sole argument in the present |sappeal as to the motion is based on the denial of the severance. Thus, even though he now points to the cross-examination by Mr. Celestine’s counsel to bolster this claim, the issue was resolved in the first appeal and cannot be re-urged in the present appeal.[6] La.C.Cr.P. art. 930.4; *1035 State v. Jackson, 39,515, p. 3 (La.App. 2 Cir. 3/2/05), 895 So.2d 695, 698 (Defendant could not raise arguments on appeal where the claims asserted related to his trial and conviction that were fully addressed in a prior appeal, and assignments of error had already been conclusively determined); State v. McElveen, 10-0172, p. 24 n. 8 (La.App. 4 Cir. 9/28/11), 73 So.3d 1033, 1054 (No new evidence presented to show previous rulings were in error; therefore, assignments of error were barred from consideration on appeal under the law of the case doctrine).
In his remaining assignment of error, Mr. Nora avers that his trial counsel was ineffective for failing to articulate, either prior to or during trial, sufficient grounds to support the severance of the defendants. As with the preceding assignments of error, Mr. Nora could have raised his ineffective assistance of counsel claim in his first appeal, and he failed to do so. State v. Edwards, 13-0665, p. 2-3 (La.App. 4 Cir. 1/22/14), 133 So.3d 132, 134 (Defendant failed to brief issue on appeal). In addition, because the matter is limited to his resentencing, his argument is not within the scope of this appeal.
|a“[A]s a general rule, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted.” State v. Laneheart, 12-1580, p. 9 (La.App. 4 Cir. 2/26/14), 135 So.3d 1221, 1229, writ den. 14-0638 (La.10/24/14), 151 So.3d 601 (quoting State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802). However, where the record on appeal contains sufficient evidence for a full review of the claim, an appellate court may address the issue in the interest of judicial economy. State v. German, 12-1293, p. 34 (La.App. 4 Cir. 1/22/14), 133 So.3d 179, 202; State v. Griffin, 99-1260, p. 3 (La.App. 4 Cir. 3/15/00), 756 So.2d 602, 604.
Despite Mr. Nora’s ineffective assistance of counsel claim being outside the scope of the present appeal and the general rule that such issues should be raised in an application for post-conviction relief, we find the record is sufficient for this Court to address the merits of Mr. Nora’s claim. The benchmark for determining if trial counsel’s performance falls below the objective standards of reasonableness and no longer functions as counsel guaranteed by the Sixth Amendment was established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test that courts should apply is “whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” State v. Small, 13-1334, p. 14 (La.App. 4 Cir. 8/27/14), 147 So.3d 1274, 1284 (citing Strickland, 466 U.S. at 686, 104 S.Ct. at 2064).
|1nThe severance issue, which forms the basis for Mr. Nora’s ineffective assistance of counsel claim, was addressed in this Court’s previous opinion. Therefore, even if we were to conclude — which we do not — that his trial counsel’s actions fell below the standard required by the Sixth amendment, Mr. Nora was not prejudiced. In our initial review of the severance issue, we noted that the evidence at trial demonstrated that the defendants were found in possession of different weapons. Notwithstanding Mr. Celestine’s allegedly antagonistic defense and Mr. Nora’s trial counsel failing to articulate prior to or after trial adequate grounds for a severance, the jury *1036 was able to distinguish the facts as they related to Mr. Nora and Mr. Celestine. The jury was able to find “Mr. Celestine guilty of the lesser crime because [the police] found the gun attributed to him after it fell off his lap, while [the police] found the other gun in Mr. Nora’s actual possession (in his waistband).” Nora, 13-0892, p. 14, 143 So.3d at 1247. Therefore, we cannot, say that trial counsel’s failure to articulate sufficient grounds for granting the severance “so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Small, 13-1334, p. 14, 147 So.3d at 1284. Accordingly, we find the ineffective assistance of counsel claim without merit.

DECREE

Considering this Court affirmed Mr. Nora’s conviction in his previous appeal and remanded the matter to the trial court for resentencing, our review is limited to errors relative to his resentencing. The assignments of error that Mr. I^Nora now asserts on appeal pertain to his conviction and not his resentencing. Therefore, we find the trial court did not err when it denied Mr. Nora’s motion for new trial and resentenced him pursuant to this Court’s instructions on remand. Likewise, we find Mr. Nora’s ineffective assistance of counsel claim without merit. Accordingly, this Court affirms Mr. Nora’s sentence.
AFFIRMED

. The bill of information also charged Mr. Celestine with one count each of being a convicted felon in possession of a firearm and simple escape. He was tried with Mr. Nora and found guilty of attempted possession of a firearm by a convicted felon and attempted simple escape. This Court affirmed his convictions and sentences in State v. Celestine, 12-1541 (La.App. 4 Cir. 12/18/13), 131 So.3d 947, writ den., 14-0158 (La.8/25/14), 147 So.3d 699.

. Mr. Tolbert’s first name is spelled differently throughout the record. In the gist reports for Mr. Nora and Mr. Celestine, Mr. Tolbert is referred therein as "Jazmun Tolbert.” While Mr. Tolbert is referred to as "Jasmine Tol-bert,” in appellate counsel’s brief in Mr. Nora's first appeal as well as this Court’s previous opinions in Celestine, 12-1541, 131 So.3d 947, and Nora, 13-0892, 143 So.3d 1237.

. This alias was listed as “Sidney” Patterson. Although there was one reference at trial to "Sidney,” the parties repeatedly referred to Mr. Nora’s alias as "Steven Patterson.”

. This claim was also raised in Mr. Celestine’s appeal, which this Court rejected.

. In his motion for new trial, Mr. Nora generally alleged that the motion should be granted on the five grounds listed in La.C.Cr.P. art. 851, that his trial should have been severed from Mr. Celestine’s trial, and that the trial court should have imposed the minimum mandatory sentence.

. Even looking at the three excerpts quoted by Mr. Nora, there is no basis to grant a mistrial. The first excerpt makes reference to the fact that the driver, Jasmine Tolbert, was wanted on a murder warrant. The second and third excerpts merely reiterated the witnesses’ testimony that the police had a reason to arrest both defendants and that guns were found on both of them. In Mr. Nora’s first appeal, this Court noted that the evidence adduced at trial demonstrated that the defen *1035 dants were found in possession of different weapons. The jury found Mr. Nora to be in actual possession of an uzi in his waistband; whereas, Mr. Celesline was found in constructive possession of a Mac-11.