FORET, Judge.
On September 17, 1981, Mose Gadison (defendant) was arrested and charged by bill of information with distribution of marijuana, in violation of LSA-R.S. 40:967(A)[1]. Defendant entered a plea of not guilty and was tried by a twelve-member jury which returned a verdict of guilty as charged by a vote of 11 to 1. After completion of a pre-sentence investigation, the trial court sentenced defendant to serve a term of four years imprisonment at hard labor[2]. Defendant then announced to the trial court his intention to appeal and made a formal motion to that effect.
The trial court granted defendant’s motion for an appeal and made the same returnable on January 22, 1983. However, no assignments of error were filed in the record by defendant, although he did submit a brief stating assignments of error. Thus, this case is subject only to a review for patent errors. See LSA-C.Cr.P. Articles 844 and 920; State v. Smith, 418 So.2d 515 (La.1982); State v. Dye, 384 So.2d 420 (La.1980); State v. Marrero, 363 So.2d 494 (La.1978); State v. Zeno, 322 So.2d 136 (La.1975).
REVIEW FOR PATENT ERRORS
A review of the record shows that defendant was charged by bill of information, in proper form, signed by the district attorney, on July 24, 1981. On November 25, 1981, defendant appeared before the trial court accompanied by retained counsel, waived arraignment, and entered a plea of not guilty. The minutes of court reflect that defendant was present during selection of the jury, at all times during trial, and was present when judgment was rendered.
Defendant requested a trial by jury and was subsequently tried before a twelve-member jury. He was charged with a violation of LSA-R.S. 40:967(A), an offense punishable by a maximum of ten years imprisonment at hard labor and a $15,000 fine. This offense constitutes a felony which must be tried before a twelve-member jury, returning a verdict of guilty on the vote of at least ten of the jurors. As noted above, defendant was found guilty as charged by a vote of 11 to 1. The four-year sentence of imprisonment at hard labor imposed on defendant by the trial court fell within the statutory limits. The minutes of court reflect the sentence imposed, and the record clearly sets out the trial court’s reááons for sentencing. Sentencing was made approximately four months after defendant’s conviction, after a pre-sentence investigation was conducted, and after the trial court had held a sentencing hearing.
There is no question here as to the constitutionality of LSA-R.S. 40:967(A).
DECREE
For the reasons assigned, defendant’s conviction and sentence are affirmed.

. Defendant was charged with having distributed marijuana on July 24, 1981, to an undercover Louisiana State Police officer. On that date, marijuana was classified as a Schedule II substance. By Acts 1981, # 800, § 1, Paragraph 22 of Sub-Section C of Schedule I was added, ■ and by Section 4 of the same act, Paragraph 5 of Sub-Section A of Schedule II was repealed, effective August 2, 1981, so as to change marijuana from a Schedule II substance to a Schedule I hallucinogenic substance.

. See LSA-R.S. 40:967(B)(2) as it read at the time defendant committed the crime with which he was charged.