451 So.2d 1358 (1984)
Henry TALLEY
v.
Ross MAGGIO, Warden.
No. K 2416.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1984.
*1359 Henry Talley, Sr., in pro. per.
Harry F. Connick, Dist. Atty., New Orleans, for Ross Maggio.
Before BYRNES, CIACCIO and SAMUEL, JJ.
BYRNES, Judge.
This is an application for supervisory and remedial writs based on the trial court's denial of relator's application for post conviction relief. On June 10, 1981 relator was convicted of possession of pentazocine (talwin), a violation of R.S. 40:967 and was sentenced as a multiple offender to 10 *1360 years at hard labor. He appealed his conviction and sentence to this court (docket # KA 1194). On February 9, 1984 a panel composed of J.J. Byrnes, Augustine and Ward affirmed Talley's conviction and sentence. Judge Ward dissented regarding the excessiveness of Talley's sentence. Talley did not timely take writs to the Supreme Court or seek re-hearing. This judgment is therefore final. Conversations with Criminal District Court have confirmed that Talley filed a petition for post conviction relief which was denied by Judge Braniff on May 9, 1984. Relator's application for post conviction relief is therefore properly before this court. See C.Cr.P. Art. 924 et seq.

ISSUES
Talley's first claim is that his conviction was based on what he contends was perjured testimony by the arresting officer. Talley argues that the officer testified that he made incriminating statements while his stomach was being pumped, a feat which Talley contends is physically impossible and therefore shows that the officers testimony was perjured.
This argument lacks merit for several reasons. First, there was no contemporaneous objection to the testimony. Additionally, the inconsistency in the officer's testimony was not assigned as error in relator's appeal before this court. Under these circumstances the objection was waived. C.Cr.P. Art. 841 and 920. Even if these objections were not waived, Talley's argument assails the credibility of the officer's testimony, an issue resolved against him by the jury at trial. This claim has no merit.
Talley next objects to the arresting officer's testimony as to what was visible on x-rays of his stomach and other conclusions which Talley contends should only have been made by a medical expert.
No objection to this testimony was made at trial and no assignment of error urged on appeal. Moreover, the statements which the officer made were elicited from him by defense counsel (see transcript page 29-32 in No. KA 1194). This argument is without merit.
Talley next complains that the trial court improperly refused a hearing on a motion to suppress evidence and also complains that statements allegedly made by him to the police officer should not have been admitted into evidence. The minutes reveal that the trial court refused to hold a hearing on the motion to suppress because the motion did not state sufficient facts to justify a hearing under C.Cr.P. Art. 703(E). No new motion was filed by the defense and the judge's ruling was apparently not objected to at trial or assigned as error on appeal. Additionally, a review of the record indicates that the evidence was constitutionally obtained. There appears to be no merit in this part of Talley's claim.
Talley further complains that the arresting officer was allowed to relate several incriminating statements made by him shortly after his arrest. While Talley argues that admissions against interest violate his 5th amendment right against self-incrimination, his argument is aimed at the hearsay nature of the statements. As with all of his other complaints, no objection was made to the admission of these statements at trial, nor was this assigned as error on appeal. Looking beyond these procedural problems, the statements are admissions not confessions. (See R.S. 15:449) They do not constitute an admission of guilt but instead offer an explanation for relator's conduct. (See transcript in No. KA 1194 at Page 33, 34, 41). Statements which relate admissions made by a defendant are an exception to the hearsay rule and are therefore admissible in evidence. State v. Lewis 416 So.2d 921 (La.1982).
Finally Talley complains that his appellate counsel was ineffective because he failed to inform him that his case was affirmed on appeal. Talley argues that this caused him to miss the opportunity to apply for re-hearing or writs to the Supreme Court. This argument is also without merit.
*1361 Although there is a constitutional right to judicial review of a conviction in Louisiana (See Art. 1 Sec. 19 Const.1974), relator has already received the benefit of that right by his appeal to this court. There is no constitutional right to further review by way of rehearing or writs. In the absence of such a constitutional right, counsel's alleged failure to inform relator of when to apply for such review is not a deprivation of the constitutional right to effective assistance of counsel.
Underlying this entire application is relator's failure to adequately explain why the errors raised herein were not raised earlier. His uniform excuse is ignorance of the law. However, the record reveals that he was not only represented by counsel throughout the trial but was himself present and could have pointed out at that time the inconsistencies and errors of which he now complains.
There is no error in the ruling of the trial court.
WRIT DENIED.