WARD, Judge.
Appellant, Bennie Freeman, has been tried, convicted, and sentenced; he has appealed. This court heard his appeal, affirmed his conviction and remanded his case to the trial court for clarification of *1085 his sentence. The trial court clarified his sentence. Appellant now asks this court to consider the merits of his multiple bill hearing. At trial on February 13, 1986, Defendant Bennie Freeman was convicted of two counts, (1) distribution of cocaine and (2) possession of cocaine with intent to distribute, under R.S. 40:967. On April 3, 1986, the court found the defendant to be a third offender and sentenced him on April 25, 1986, to fifteen years at hard labor without good time and without benefit of probation, parole or suspension of sentence.
Freeman, who was tried with codefend-ant Barbara Porter, appealed his conviction making two assignments of error. He alleged that the sentence was ambiguous because the trial court imposed one sentence even though Freeman was convicted on two counts and that the state improperly utilized each of the convictions to charge him as a triple offender. This court in State v. Porter, 533 So.2d 112 (La.App. 4th Cir.1988), upheld Freeman’s conviction, found no error in his triple offender status but remanded the case for a clarification of the sentence so that it reflected the amount of time assigned to each count and whether the time is served concurrently or sequentially.
On October 18, 1988, at the sentence clarification hearing, the trial court sentenced defendant as a third offender on the first count and as a first offender on the second count. The court further declared the sentence on the first count to be fifteen years at hard labor served under R.S. 15:529.1 and the sentence on the second count to be ten years at hard labor, running concurrently with the sentence on the first count.
Defendant appeals now maintaining that the trial court erred by accepting his plea to the multiple bill at the April 1986 hearing without first advising him of his rights. This issue was not raised in the previous appeal and relates to the April 1986 multiple bill hearing, not to the clarification of sentencing in 1988. This court reviewed the 1986 multiple bill hearing in the original appeal. Thus, the appellant has waived the issue of the adequacy of the multiple bill hearing because he did not raise it in his original appeal. Talley v. Maggio, 451 So.2d 1358 (La.App. 4th Cir.1984).
The scope of appellate review is limited by C.Cr.P. Art. 920 and 844 to errors patent on the face of the record and to errors designated in the assignment of errors. A review of the record reveals no errors patent. Accordingly, the appellant’s sentence at his resentencing clarification hearing is affirmed.