LABORDE, Judge.
Defendant, Frederick Sam, was charged by bill bf information with two counts of simple burglary and one count of armed robbery, violations of La.R.S. 14:62 and La.R.S. 14:64 respectively. On April 26, 1989, defendant entered a guilty plea to all three of the above charges. On October 10, 1989, after a review of the presentence investigation report, defendant was sentenced to eighteen years at hard labor without benefit of parole, probation, or suspension of sentence on the armed robbery charge, and to five years at hard labor on each of the simple burglary charges, all sentences to be served concurrently. Subsequently, on July 18, 1990, defendant filed a pro se application for post conviction relief and a pro se motion for an out of time appeal. On August 29,1990, the trial court denied defendant’s application for post conviction relief but granted his motion for an out of time appeal. Defendant alleged certain errors in his application for post conviction relief which the trial judge apparently considered to be assignments of error; therefore, the trial court did not specify a time period for the filing of assignments and none were ever properly filed.
The record was prepared and forwarded to this court on September 27, 1990. On October 22, 1990, this court remanded the record to the trial court for an evidentiary hearing to determine whether defendant was entitled to court appointed counsel for the purposes of this appeal. On October 25, 1990, following a hearing, the trial court appointed an attorney for defendant’s appeal.
Defendant’s newly-appointed appellate counsel filed an appellate brief containing five assignments of error but did not file any assignments of error into the record. Instead, defendant’s appellate counsel’s brief corresponds in part to claims raised in defendant’s pro se post conviction relief application which was denied by the trial court, and in part to reasons averred to in defendant’s pro se motion for an out of time áppeal which was granted by the trial court.
The sole matters to be considered on appeal are errors designated in the assignment of errors in defendant’s brief and errors patent. La.C.Cr.P. art. 920. La. C.Cr.P. art. 844 sets forth the sanctions for failure to file a timely assignment of error.
La.C.Cr.P. art. 844. Assignment of errors, sanctions for failure to file timely.
A. The party appealing shall designate in writing those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
B. If the appellant fails to comply with these provisions and fails to secure an extension in accordance with Article 916(1), the trial judge on his own motion or motion of the clerk or any party or upon referral by the appellate court and after hearing shall either:
*701 (1) Extend the time within which the assignment of errors shall be filed.
(2) Impose a fine not to exceed five hundred dollars upon the appellant or his attorney or both if failure is found by the court to be arbitrary and capricious.
C. If the record is not lodged in the appellate court within sixty days after the motion for the appeal is made or within the extended time granted by the proper court or if the record is lodged in the appellate court without an assignment of errors, the appellate court may adjudge the appellant, his attorney, or both guilty of contempt of court and impose a punishment authorized by law.
D. The trial judge may submit such per curiam comments as he desires.
In considering the issue of whether an appellate court may disregard an argument which is briefed but not formally listed as an assignment of error, our Supreme Court has stated:
When a contention is made for the first time on appeal, the appellate court may require the defendant to file a supplemental assignment of error, thereby permitting the trial court to make an appropriate response. However, the appellate court may not arbitrarily refuse to consider the contention, especially one of constitutional dimensions, on the basis of the record on appeal. State v. Thorne, 514 So.2d 1170 (La.1987).
State v. Murphy, 542 So.2d 1373, at 1375 (n. 4) (La.1989). For these reasons, we consider it appropriate, under the particular facts of this case, to remand to the trial judge for the purpose of extending the time within which defendant’s appellate counsel shall file written assignments of error in the district court for subsequent review by this court.
For the above and foregoing reasons, this case is remanded to the district court for further proceedings consistent with this opinion.
REMANDED.