815 So.2d 940 (2002)
STATE of Louisiana
v.
Brett MALLOY.
No. CR01-1118.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
Hon. David W. Burton, District Attorney, Thirty-sixth Judicial District Court, DeRidder, LA, Counsel for State/Appellee: State of Louisiana.
Carey J. Ellis, III, Louisiana Appellate Project, Rayville, LA, Counsel for: Brett Malloy.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and MICHAEL G. SULLIVAN, Judges.
WOODARD, Judge.
On August 19, 2000, the Defendant, Mr. Brett Malloy, engaged in non-consensual *941 sexual intercourse with A.C., his seven-year-old stepdaughter. The State charged him with aggravated rape, a violation of La.R.S. 14:42, and aggravated oral sexual battery, a violation of La.R.S. 14:43.4. A Beauregard Parish grand jury indicted him for the crimes. On April 9, 2001, he entered into a plea agreement in which he agreed to plead guilty to the charge of forcible rape in exchange for the State's dismissal of the aggravated oral sexual battery charge.

* * * * *
On August 20, 2000, the Beauregard Parish Sheriffs Office questioned Mr. Malloy regarding A.C.'s allegations. He adamantly denied having any sexual relations with his stepdaughter. Medical professionals, however, examined her and found physical evidence to corroborate her allegations. During her videotaped testimony, A.C. stated that her "daddy took my pants and panties off and laid me on the floor on a pallet; he wouldn't let me up; his clothes were off; he tried to put his private [later described by A.C. as pretty long and looks like a hot dog] in my front private; it didn't fit, but he made it fit; it hurted; he put it in for a couple of minutes; I said `Oow' twice and he eventually quit." He then had her suck his "private" until "white slobbery stuff" came out of it.
After his arrest, Mr. Malloy made three written statements. Initially, he denied any misconduct with A.C. Later, he alleged that her kisses lingered too long and that she inappropriately touched him. He also alleged that one night, while he slept, A.C. came into his bedroom and began performing oral sex on him. Realizing that he was not dreaming, he opened his eyes and found her, not his wife, sucking his penis.
Later, he admitted that he had tried to have intercourse with her by placing his penis in her vagina and then forcing her to "suck his penis." He stated that he tried to penetrate her vagina and then stopped because he could not bring himself to do it.
He pled guilty to forcible rape with no agreement concerning the sentence. The trial court sentenced him to serve thirty-five years at hard labor, the first twenty years without benefit of probation, parole, or suspension of sentence. On June 27, 2001, without reasons, the court summarily denied his motion to reconsider his sentence.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. We find none.

EXCESSIVE SENTENCE
Mr. Malloy asserts that the trial court rendered an unconstitutionally excessive sentence. Specifically, he asserts that the record does not support the thirty-five-year sentence and that various mitigating factors should have reduced it.
Under La.Code Crim.P. art. 881.1, a defendant's failure "to include a specific ground upon which a motion to reconsider may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." In the case at bar, Mr. Malloy failed to establish specific grounds to support his claim of an excessive sentence. Thus, this court is relegated to a bare claim of excessiveness.[1]
The legislature established a sentencing range for forcible rape, providing five to forty years at hard labor, with at least two years without benefit of probation, parole, *942 or suspension of sentence.[2] Consequently, Mr. Malloy's thirty-five-year sentence, twenty years of which is without benefit of probation, parole, or suspension of sentence, lies within the statutory range. Moreover, by entering a guilty plea, rather than facing a life sentence at hard labor, without benefit of parole, probation, or suspension of sentence,[3] he received thirty-five years and no longer faced a maximum possible sentence of twenty years, with or without hard labor, and without benefit of parole, probation, or suspension of sentence for the crime of aggravated oral sexual battery.[4]
Several statements were taken from witnesses at Mr. Malloy's sentencing hearing. Detective Jeanne Faciane, with the Beauregard Parish Sheriff's Office, verified the statements and, subsequently, filed them in evidence for the court's consideration. A.C., her mother, and her grandmother filed victim impact statements, which were later admitted in evidence. On behalf of Mr. Malloy, counsel expressed the Defendant's "deep remorse" for his actions and stated that while in custody, he had reflected on the damage that he caused.
The trial court took the matter under advisement and sentenced him on June 22, 2001, summarizing the facts of the case as follows:
The victim, A.C., was your seven-year-old step-daughter. She was interviewed in a videotape, which the Court has viewed; and a transcript was made of the video. The Court has read the transcript. This videotape vividly portrays through A.C.'s testimony that you had intercourse with her through intimidation and that you forced her to have oral sex on you. The Court has reviewed the medical findings of the pediatrician, Dr. Thomas E. Griffin, and finds that his report fully supports A.C.'s version of the sexual abuse she endured.
In counseling sessions with the therapist, Michelle L. Trenton, A.C. indicated that you had her perform oral sex with you on several occasions over a period of more than a year prior to your arrest. Her report, dated May 30, 2001, introduced at the sentencing hearing, and the report of Dr. Margaret Goldman, dated May 28, 2001, also introduced at the sentencing hearing, are strong evidence that your conduct has resulted in a lasting detrimental impact on A.C. and that she will be living with terrible memories of your sexual abuse for the rest of her life.
You are 25 years old and you are a first-time felony offender. The PSI, however, reflects that your sexual misconduct with small children dates back to when you were 12 years old. At that time you were found to have sexually molested a four-year-old boy; and as a result, you were placed in a facility for juvenile sexual offenders. You remained a dependent of the San Diego County Juvenile Court as a serious juvenile sex offender until your 18th birthday. You enlisted in the United States Army in 1996 and received a medical discharge from the service in 1999. While in the service you were under investigation for rape but were never formally charged.
In written statements given to the Beauregard Parish Sheriffs Office, you admit in large part your reprehensible conduct.
*943 After hearing the testimony, the trial court determined that Mr. Malloy was "a sexual predator and pedophile from whom children should be protected ... a danger to society." Although the court took into consideration that he, as a child, had also been abused as a child, it found that this did not "diminish the need to deter him from inflicting further sexual abuse on children." Finally, the court opined that the elements of the crime of aggravated rape were clearly present and that the court had granted Mr. Malloy a great concession by permitting him to plead to forcible rape.
We find that, indeed, the trial court had more than sufficient justification for the sentence which it imposed. Therefore, Mr. Malloy's sentence is not even slightly out of proportion to the seriousness of his offense. We find that this assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, we affirm Mr. Malloy's sentence.
AFFIRMED.
NOTES
[1] State v. Mims, 619 So.2d 1059 (La.1993).
[2] La.R.S. 14:42.1.
[3] La.R.S. 14:42.
[4] La.R.S. 14:43.4.