**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-654

STATE OF LOUISIANA

VERSUS

ROBIN LEBLANC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 6130-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED AS AMENDED,
WITH INSTRUCTIONS.

Honorable John F. DeRosier, District Attorney
Stephanie L. Cochran, Assistant District Attorney
Carla S. Sigler, Assistant District Attorney
1020 Ryan Street
Lake Charles, LA 70601
Counsel for State of Louisiana

Sherry Watters, Attorney at Law
Louisiana Appellate Project
P.O. Box 58769
New Orleans, LA 70158-8769
Counsel for Defendant-Appellant:
        Robin LeBlanc

**PAINTER, Judge.**

Defendant, Robin LeBlanc, pled guilty to two counts of forcible rape and was sentenced to serve twenty years at hard labor on each count, to run consecutively, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Further, five years of each sentence were suspended, and Defendant was placed on five years supervised probation on each count to run concurrently, subject to general and special conditions. Defendant now appeals, asserting that his guilty plea was involuntary and that his sentences are excessive. We find that Defendant waived review of all issues relating to the voluntariness of his guilty plea, and, for the reasons that follow, we affirm Defendant's sentences. However, we amend the sentences to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A), and we further instruct the trial court to note the amendment in the court minutes.

## FACTUAL AND PROCEDURAL BACKGROUND

The following factual basis was provided by the State at the guilty plea proceeding:

> Between July and October of 2001, Mr. LeBlanc forcibly raped two underage juvenile females, the first being related to him as his stepdaughter, the second being her friend.

On December 13, 2005, Defendant pled guilty to two counts of forcible rape, in violation of La.R.S. 14:42.1. On March 17, 2006, Defendant was sentenced to serve twenty years at hard labor on each count, to run consecutively, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Five years of each sentence were suspended, and Defendant was placed on supervised probation subject to general and special conditions. In *State v. LeBlanc*, an unpublished opinion bearing docket number 06-794 (La.App. 3

1

Cir. 12/6/06), Defendant's sentences were vacated and set aside because the trial court failed to set the specific amount of restitution owed, and the matter was remanded to the trial court for resentencing.

On February 21, 2007, Defendant was resentenced to serve twenty years at hard labor on each count, to run consecutively, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Five years of each sentence were suspended, and Defendant was placed on five years supervised probation on each count, to run concurrently, subject to general and special conditions. The State advised the trial court that no restitution was due in this matter. Defendant's motion to reconsider sentence was denied.

Defendant now appeals and contends that his guilty plea was involuntary because notice of the requirements of the sex offender registration law was untimely given and because consecutive twenty year sentences were imposed after the trial court said the sentences would be in the five to twenty year range due to his first offender status. Defendant also alleges his sentences are excessive. We find that Defendant waived review of all issues relating to the voluntariness of his guilty plea and affirm Defendant's sentences. However, we amend the sentences to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A). We further instruct the trial court to note the amendment in the court minutes.

**DISCUSSION**

*Procedural Objection by the State*

The State asserts that Defendant failed to file any formal assignments of error into the present record or in *LeBlanc*, an unpublished opinion bearing docket number 06-794 (La.App. 3 Cir. 12/6/06). The State further asserts that La.Code Crim.P. art. 844 requires an appealing party to designate, in writing, the errors he will urge on

2

appeal. The State cites *State v. Gadison*, 441 So.2d 831 (La.App. 3 Cir. 1983), wherein this court held that where a defendant filed no assignments of error into the record but did file a brief assigning error, his case was subject to only patent error review. *See also State v. Melbert*, 438 So.2d 1292 (La.App. 3 Cir. 1983). The State asserts that in *State v. Sam*, 586 So.2d 699 (La.App. 3 Cir. 1991), this court held that it would not arbitrarily refuse to consider an appellate contention of constitutional dimension because of a deficiency in the appellate record.[1]

Louisiana Code of Criminal Procedure Article 844 provides, in pertinent part:

> A. The party appealing shall file with the appellate court a written designation of those errors which are to be urged on appeal and furnish a copy to the trial judge and all counsel. This assignment of errors shall be filed in accordance with the uniform rules of the appropriate appellate court.

The first circuit discussed the evolution of La.Code Crim.P. art. 844 in *State v. Jackson*, 98-4, pp. 3-6 (La.App. 1 Cir. 11/6/98), 724 So.2d 215, 217-19, *writ denied*, 98-3056 (La. 4/1/99), 741 So.2d 1283 (footnotes omitted), as follows:

> Article 920 of the Louisiana Code of Criminal Procedure provides that the scope of appellate review extends only to errors designated in the assignment of errors and error patent on the face of the record. Therefore, some type of designation of error is required to consider errors not patent on the face of the record. However, while defendant herein did not file a formal assignment of errors, the extent to which a defendant needs to separately designate errors outside the appellate brief is unclear.
>
> In *State v. Galliano*, 93-1101, p. 2 (La.App. 1 Cir. 6/24/94), 639 So.2d 440, 442, this court initially refused to consider six assignments of error argued in brief but not contained in the formal assignment of errors. Thereafter, in a brief *per curiam*, the Louisiana Supreme Court remanded the appeal to this court for consideration of the merits of the assignment of errors raised in brief for the first time, noting "[t]he court of appeal may require relator to file supplemental assignments of error in the district court to provide that court with the opportunity to

---

[1]In *Sam*, this court remanded the case to the trial court for the purpose of extending the time within which defendant's appellate counsel could file written assignments of error in the trial court for subsequent review by this court.

3

respond." *State v. Galliano*, 94-2030, 94-2280 (La.1/6/95), 648 So.2d 911.

After the *Galliano* remand, several panels of this court concluded that assignments of error raised in this court in the first instance should be considered to the same extent the court considered errors formally designated under Louisiana Code of Criminal Procedure article 844. *See State v. Galliano*, 93-1101, p. 2 n. 1 (La.App. 1 Cir. 5/5/95), 655 So.2d 538, 540 n. 1 (which criticized the remand by the Louisiana Supreme Court). *See also State v. Barnett*, 96-2050, p. 2 n. 2 (La.App. 1 Cir. 9/23/97), 700 So.2d 1005, 1007 n. 2; *State v. Cousin*, 96-2035, p. 2 n. 3 (La.App. 1 Cir. 9/23/97), 700 So.2d 1016, 1017 n. 3, *writ denied*, 97-2809 (3/13/98), 712 So.2d 875; *State v. Johnson*, 96-1834, p. 2 n. 4 (La.App. 1 Cir. 6/20/97), 697 So.2d 288, 289 n. 4.

In its earliest form, Article 844 required that a defendant seeking appellate review file a formal bill of exceptions, signed by the trial court, setting forth the circumstances of the alleged error and the evidence on which it was based. Thereafter, the Legislature dispensed with the need to file a formal bill of exceptions, replacing it with a written assignment of errors. However, the trial court determined the date by which the assignment of errors should be filed, and the appealing party was required to furnish a copy of the assignment of errors to the trial court to enable the court to file *per curiam* comments.

By Acts 1997, No. 642, the Louisiana Code of Criminal Procedure article 844 was again rewritten. Comments to the 1997 amendment indicate the change was expressly for the purpose of expediting the appellate process by allowing the clerk of the trial court to lodge the record before preparation of the assignment of errors. Now, the party appealing must file a written designation of errors with the appellate court, "in accordance with the uniform rules of the appropriate appellate court." While the trial court (and all counsel) must still be furnished with a copy of the specified errors, the lower court no longer even determines the time frame for filing the errors, a dramatic change from when that tribunal had to sign bills of exception before a party could appeal.

Thus, we acknowledge that the procedures for filing the assignment of errors are unclear. While *Galliano* has been interpreted as requiring the appellate courts to consider the merits of assignments of error raised for the first time in brief, the Louisiana Supreme Court may have intended for the appellate court to order the assignment of errors argued in the brief to be filed in the district court (although presumably that filing would not be in conformity with the time delays set by the trial court under Article 844). In any event, even prior to the most recent amendment to Article 844, the time delays and necessity for filing the formal assignment of errors became unclear.

4

Article 844 now requires the assignment of errors to be filed in the appellate court "in accordance with the uniform rules of the appropriate appellate court." The Uniform Rules do not contain a specific provision requiring a separate assignment of errors. Rather, the only requirements for filing an assignment of errors, and the time delays for the filing, are provided in the rules pertaining to the contents of the record and the filing of briefs. *See* Uniform Rules--Courts of Appeal, Rule 2-1.8, concerning the order of items to be included in the record; and Rule 2-12.4, listing the items to be included in the appellant's brief. To the extent that Rule 2-1.8 requires the "assignments of error" to be included in the record and Rule 2-12.4 requires "a specification or assignment of alleged errors" to be designated in the brief, the Uniform Rules as currently written provide a hazy procedure for designating error in the appellate courts.

At this time, statutory provisions, the Uniform Rules, and jurisprudential interpretations thereof are apparently in conflict regarding the necessity of and procedure for filing and designating assignment of errors.

Although the matter is less than clear, this court believes that the filing of an assignment of errors in brief in compliance with Rule 2-12.4 satisfies the provisions of Article 844 which require that "[t]he party appealing shall file with the appellate court a written designation of those errors which are to be urged on appeal."

We are further guided by Court of Appeal—Third Circuit, Internal Rule 15, which provides that:

A written designation of the assignments of error to be urged on appeal in a criminal case shall be filed with this court on or before the date of filing of the appellant's brief with this court. Accompanying this designation shall be a certificate of service indicating a copy has been forwarded to the trial court and all counsel of record.

Based on the first circuit's ruling in *Jackson* and our own Internal Rule 15, we find that the filing of assignments of error in brief to this court complies with the mandates of article 844. Thus, the State's procedural objection lacks merit.

The State also objects on the basis that Defendant assigns as error matters that he did not raise in his first appeal. These issues are discussed below.

5

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record, we find that there are no errors patent.

*Voluntariness of Guilty Plea*

In his first assignment of error, Defendant contends that the trial court erred in failing to give him timely notice of the requirements of the sex offender registration law and that notice during *Boykinization* was too late, such that his guilty plea was rendered involuntary. The State asserts that this issue was not raised in Defendant's previous appeal and that Defendant failed to make a contemporaneous objection in the trial court as required by La.Code Crim.P. art. 841. Therefore, the State argues that this issue should not be addressed by this court.

In *State v. Porter*, 533 So.2d 112 (La.App. 4 Cir. 1988), one defendant, Freeman, appealed and alleged that his sentence was ambiguous and that the state improperly utilized each of two convictions to charge him as a third offender. The fourth circuit affirmed his convictions and found no error in his status as a third offender, but the case was remanded for clarification of the sentences. The trial court subsequently clarified the sentence. In a second appeal, *State v. Freeman*, 565 So.2d 1084 (La.App. 4 Cir. 1990), the defendant asked the fourth circuit to consider the merits of his multiple bill hearing. The court found the following:

> This issue was not raised in the previous appeal and relates to the April 1986 multiple bill hearing, not to the clarification of sentencing in 1988. This court reviewed the 1986 multiple bill hearing in the original appeal. Thus, the appellant has waived the issue of the adequacy of the multiple bill hearing because he did not raise it in his original appeal. *Talley v. Maggio*, 451 So.2d 1358 (La.App. 4th Cir.1984).

*Freeman*, 565 So.2d at 1085.

6

In *State v. Anderson*, 95-1252 (La.App. 4 Cir. 7/31/96), 679 So.2d 181, the fourth circuit affirmed the defendant's convictions, vacated the sentences, and remanded the matter for resentencing because Anderson had been sentenced prior to the hearing on his post-trial motions. On subsequent appeal in *State v. Anderson*, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, Anderson raised several claims of trial error. The fourth circuit found that Anderson could appeal only his resentencing and that the alleged trial errors should have been raised in the first appeal. The fourth circuit stated: "Any issues not raised in the original appeal, which could have been raised, are considered waived. *State v. Freeman*, 565 So.2d 1084 (La.App. 4 Cir.1990)." *Id*. at 18.

The only issue raised in Defendant's initial appeal, *State v. LeBlanc*, an unpublished opinion bearing docket number 06-794 (La.App. 3 Cir. 12/6/06), was an excessive sentence claim which was not considered because his sentences were vacated based on an error patent. The matter was remanded for resentencing. Defendant is now before this court in a subsequent appeal alleging that his guilty plea was involuntary because he was not given timely notice of the requirements of the sex offender registration law. This issue was not raised in the Defendant's original appeal and does not relate to resentencing. Therefore, review of this issue was waived, and we do not consider it herein.

In his second assignment of error, Defendant contends his plea was conditioned on the State's recommendation of concurrent sentences of not more than twenty years and on the trial court's statement during *Boykinization* that the sentences would be in the five to twenty year range because of his first offender status. Accordingly, Defendant contends that the imposition of consecutive twenty-year sentences by the trial court, with the suspension of five years of each, resulting in a total sentence of

7

thirty years, rendered his guilty plea involuntary. Review of this issue was also waived by Defendant based on his failure to assert it in his original appeal, and we do not consider it herein.

*Excessiveness of Sentences*

In his third assignment of error, Defendant contends that the trial court erred in imposing unconstitutionally excessive sentences on a thirty-eight-year-old first felony offender, including the order that sentences be served consecutively, particularly where the sentences were based on allegations that were neither proven or admitted.

As previously noted, Defendant was originally sentenced on March 17, 2006, to serve twenty years at hard labor on each count to run consecutively, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Five years of each sentence were suspended and the Defendant was placed on supervised probation subject to general and special conditions. In his previous appeal of this matter, Defendant's sentences were vacated and set aside because the trial court failed to set the specific amount of restitution owed, and the matter was remanded to the trial court for resentencing.

On February 21, 2007, Defendant was resentenced to serve twenty years at hard labor on each count, to run consecutively, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence. Five years of each sentence were suspended, and Defendant was placed on five years supervised probation on each count, to run concurrently, subject to general and special conditions. The State advised the trial court that no restitution was due. The trial court relied on the information given at the original sentencing hearing to impose this sentence.

Defendant now argues that the trial court re-imposed the same sentences previously imposed without the indeterminate portion noted by this court. He further argues that, at the original sentencing, the trial court mistakenly went beyond the admitted facts and found, without proof, that the incidents happened "over a number of years," that there were "multiple incidents," and that there were "multiple acts over three years." Defendant avers that he pled guilty and admitted to only two very distinct acts occurring between July and October of 2001: one involving his girlfriend's daughter and the other involving the daughter's friend.

Defendant did not object to or attempt to correct the alleged incorrect remarks at the time that they were made by the trial court. Accordingly, Defendant waived review of this issue. La.Code Crim.P. art. 841.

Next, Defendant argues that his sentences are excessive because of their length and/or because of the requirement that they be served consecutively. Defendant further argues that the trial court did not properly consider the mitigating factors in this case. Defendant states that acceptance of responsibility for his actions is the first step and best indicator of his amenability to treatment. The trial court noted that his lack of a criminal record indicated he would respond to treatment but imposed thirty years of imprisonment before treatment would begin. Defendant contends that there was evidence that he used his four years of incarceration prior to entering his guilty plea to achieve religious guidance. Defendant asserts that the trial court noted, but failed to consider, his responsibility to his dependents. Additionally, Defendant asserts that the trial court improperly emphasized the mistaken facts of "multiple incidents" "over three years" as the overriding factor, without considering the other relevant factors.

9

Defendant asserts the following as mitigating factors:

1) He is thirty-eight years old with no criminal record;

2) He is a first offender who lived a law abiding life until the current offenses;

3) He is a veteran of the armed forces;

4) There was no evidence he could not respond to probationary treatment;

5) The offenses arose out of a single course of conduct;

6) There was no medical or physical evidence to support or corroborate the most serious charges or to support consecutive sentences;

7) There is no evidence of a threat to the safety of the general public;

8) He has accepted his responsibility and taken steps while incarcerated to start his rehabilitation; and

9) A lesser sentence will not lessen the seriousness of the crime.

Defendant additionally asserts he has not committed any disciplinary offenses while incarcerated.

The supreme court discussed the standard applicable to excessive sentencing claims in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

According to La.Code Crim.P. art. 881.3, this court may consider "any evidence or relevant information introduced at preliminary hearings, hearings on

10

motions, arraignments, or sentencing proceedings, and any relevant information included in a presentence investigation report filed into the record at sentencing" when evaluating whether a sentence is excessive. *See State v. Fomond*, 05-540 (La.App. 3 Cir. 1/18/06), 921 So.2d 1103.

At the original sentencing hearing, the trial court noted the Defendant was thirty-seven years old, had graduated from high school, and was previously a welder. The trial court then made the following remarks:

> Referencing under Article 894.1 of our Code of Criminal Procedure, Section A indicates that if the defendant has convicted a felony, the Court should impose the sentence of imprisonment if any of the following do occur.
>
> Is there an undue risk that during a period of a suspended sentence or probation would the defendant commit another crime [sic]? You are -- you are a first time offender. You have no prior history. The Court answers that in the negative.
>
> Is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution? It's obvious that the offense is one of such severity that the legislature has mandated some incarceration time as a result of showing that two years, no matter what, must be served without benefit of probation, parole or suspension of sentence.
>
> In addition, the problems that have come forth clearly show that there needs to be some type of correctional treatment or custodial environment to help to control that type of behavior. As well as some type of punitive measure to let you know of the consequences of the severity of your behavior. The Court has answered that in the affirmative.
>
> Number Three, would a lesser sentence deprecate the seriousness of the defendant's crime? Again, the Court has answered that in the affirmative. The offense here is one of the most serious, specifically, the taking of innocense [sic] of a child which can be shadowed only in severity by the taking of the life itself as far as this Court is concerned.
>
> . . . the Court notes that this is not a very quick or brief instance but appears to have existed over a three year time frame before coming to light. The Court answers that also, yes.
>
> . . . the Court finds that the offender's conduct during the commission of the events manifest [sic] deliberate cruelty to the victim

11

by actions and by the information relayed showing how the effects of the offense has [sic] been on these children. The Court finds that clearly this was cruel use of supervisory or adult behavior over a child of tender years.

Two, that the offender knew, or should have known, the victims were potentially vulnerable and incapable of resistance due to the extreme youth of two females being approximately between the ages 7 to 10 based on what's been presented to me.

. . . .

Then I would find that you did have a position or status that helped to facilitate the commission of the offense that gave you that apparent air of supervision or trust. I do find that this offense has resulted in the significant permanent injury and losses to the victims and their family. . . .

Also, because of the time frame, there being approximately three years of abuse to these victims, the Court would find that there were multiple incidents for which separate sentences are not imposed. However, it is noted that there are two distinct incidents and two distinct victims for [sic] which the Court must address today.

. . . moving forward toward mitigating circumstances where it asks that the defendant has no history of prior delinquency or criminal activity and has led a law-abiding life for a period of time before the commission of the offense. While I do note that it is a first offense, I also note that there are two distinct victims with two -- or many distinctive offensive acts against these victims. The Court would find it both to be mitigating to some extent and aggravating to some extent because of the multiple victims that are involved before us as well as the counts.

The defendant is particularly likely to respond to probationary treatment. The defendant's never had the opportunity for probation and would have to give him the benefit of that and makes that a mitigating circumstance [sic].

I find that the defendant, as far as other mitigating circumstances, does seem to accept responsibility for the entirety of his actions. However, the consequences are severe with regard to these offenses. And from what I've been told today, there apparently may be some hardship to his dependents if he were to be incarcerated for a period of time, specifically, some actions to his grandmother.

The Court has reviewed all of 894.1 with regard to sentencing guidelines and if they were not specifically mentioned they were considered and deemed either insignificant or inapplicable to the incident offense by their omission.

12

Defendant cites several cases in brief to this court for the proposition that his sentences are excessive. In *State v. Lathers*, 444 So.2d 96 (La.1983), the defendant was charged with aggravated rape and found guilty of the responsive verdict of forcible rape. The defendant was sentenced to serve forty years at hard labor without benefit of probation, parole, or suspension of sentence. The supreme court compared the defendant's case to several cases and noted that in *State v. Telsee*, 425 So.2d 1251 (La.1983), it stated that "generally the sentences for forcible rape which have been reviewed by this Court reflect a range of sentences from ten to twenty-five years at hard labor, with parole excluded for periods of two to eight years." *Lathers*, 444 So.2d at 101. In *Lathers*, the supreme court went on to find that imposition of the maximum sentence of forty years imprisonment at hard labor, all to be served without benefit of parole, probation or suspension of sentence, was grossly disproportionate to similar cases and was excessive. Defendant in the case at bar notes that the supreme court commented on the fact that the victim incurred no permanent physical injury. In *Telsee*, 425 So.2d 1251, the supreme court also found that imposition of the maximum sentence for forcible rape was excessive. The court amended the sentence to twenty-five years at hard labor, with two years to be served without benefit of probation, parole, or suspension of sentence.

Defendant also cites *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983). Therein, the defendant was sentenced to eight years at hard labor, with two years to be served without benefit of probation, parole, or suspension of sentence, for raping a sixteen-year-old girl who incurred no permanent physical injury.

Defendant further cites *State v. Childs*, 466 So.2d 1363 (La.App. 3 Cir. 1985), wherein the defendant was charged with three counts of aggravated rape of his eight-year-old daughter and entered a plea of guilty to one count of forcible rape. The

13

defendant was sentenced to forty years at hard labor, of which twenty years was to be served without benefit of probation, parole, or suspension of sentence. This court found the defendant's sentence was not excessive. This court noted the offense committed by the defendant was one of the most flagrant and sordid acts of rape that can be committed and the defendant's actions flouted the trust a community extends a parent to act in his child's best interest. The Defendant in the case at bar states that he was not related to either of his victims; thus, the stigma of the offense being committed by a parent was not present.[2]

In *State v. Vallery*, 04-1589, pp. 5-6 (La.App. 3 Cir. 4/6/05), 899 So.2d 836, 840, this court stated the following:

> Additionally, the Defendant was originally charged with aggravated rape, a violation of La.R.S. 14:42. By agreeing to plead guilty to forcible rape, a violation of La.R.S. 14:42.1, the Defendant received a significant benefit by reducing his sentence exposure from a minimum of life imprisonment to a maximum of forty years imprisonment. The sentence was within the statutory range for forcible rape.
>
> . . . Accordingly, in light of the significant benefit gained by the Defendant in agreeing to plead guilty to forcible rape, rather than face an aggravated rape charge, the trial court did not abuse its wide discretion in imposing a sentence of thirty-five years of imprisonment without benefits. [*State v.*] *Cook*, [95-2784 (La.5/31/96),] 674 So.2d 957[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615,(1996)].

In *State v. Malloy*, 01-1118 (La.App. 3 Cir. 2/6/02), 815 So.2d 940, the defendant was charged with the aggravated rape of his seven-year-old stepdaughter. He pled guilty to forcible rape in exchange for the dismissal of one count of oral sexual battery. The defendant was sentenced to thirty-five years at hard labor with the first twenty years to be served without benefit of probation, parole, or suspension

---

[2]The factual basis given at the guilty plea indicated one of the victim's was Defendant's stepdaughter. However, Defendant states, in brief to this court, that that victim was his girlfriend's daughter.

of sentence. This court found the twenty-five-year-old first offender's sentence was not excessive.

Defendant in the case at bar was originally charged with two counts of aggravated rape, one count of sexual battery, and one count of molestation of a juvenile. As part of a plea agreement, Defendant entered a plea of guilty to two counts of forcible rape and the charges of sexual battery and molestation of a juvenile were dismissed. Defendant received a significant benefit by reducing his sentencing exposure from a minimum of life imprisonment on each count of aggravated rape to a maximum of forty years imprisonment on each count of forcible rape.

Defendant also argues that the trial court improperly emphasized mistaken facts as the overriding factor, without considering the other relevant mitigating factors.[3] We find that the trial court thoroughly reviewed the mitigating and aggravating factors in this case and considered the nature and background of Defendant and the nature of the offenses at issue. Furthermore, "[t]he court was not required to give any of the mitigating factors any particular weight." *State v. Insley*, 04-1006, p. 6 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, 214 (citing *State v. Bey*, 03-277 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268). Accordingly, we find that Defendant's sentences are not excessive.

*Consecutive Sentences*

Defendant also contends that consecutive sentences were not appropriate in this case. Defendant asserts that, at the original sentencing, the trial court mistakenly believed he would be eligible for parole after serving one-third of his sentences, which would be after thirteen years of incarceration, and it was only after the

---

[3]Defendant asserts the trial court mistakenly believed there were multiple incidents occurring over three years. As previously noted in this assignment of error, Defendant did not object to the alleged mistaken facts. Additionally, the indictment references events occurring from November 1998 through October 5, 2001.

sentences were imposed that the State clarified that he would have to serve eighty-five percent of the sentences, which would be thirty-four years of incarceration, before parole eligibility. Defendant asserts that the trial court could have fixed the prior error of law that led to ordering consecutive sentence because of the mistaken belief that he would only serve thirteen years, by ordering the sentences be concurrent or by lessening the terms of the sentences on remand. Instead, on remand, the trial court noted the requirement that he serve eighty-five percent of his sentences but did not adjust the sentences accordingly. Defendant asserts that because the error was not corrected on remand, the sentences imposed at that time exceeded those that the trial court intended in the original sentencing. Defendant further asserts that the trial court did not give a true and adequate factual basis for imposition of the substantial, consecutive sentences.

At the original sentencing hearing, the trial court informed Defendant that he would be eligible for parole after serving one-third of his sentences or approximately ten years. The trial court then stated that it "would always defer to the Department of Corrections for offender status, behavior, compliance with sex offender and parole eligibility process before those would be determined." The trial court further informed Defendant that his sentences were to be served consecutively, stating the following: "The Court finds that there are two distinct victims with multiple acts of abuse that occurred over a three-year period of time and the Court specifically designates that the offenses be served consecutively as a result."

We find that the trial court clearly informed Defendant that parole eligibility was ultimately in the hands of the Department of Corrections. Furthermore, based on the remarks by the trial court, it appears that Defendant incorrectly interpreted the trial court's basis for imposition of consecutive sentences. Thus, Defendant failed to

prove that the trial court intended to sentence him to anything other than the sentences imposed at the original sentencing hearing.

Defendant discusses several cases involving consecutive sentences including, *State v. Mosley*, 466 So.2d 733, 735-36 (La.App. 4 Cir.), *writ denied*, 468 So.2d 1202 (La.1985), in which the fourth circuit stated the following:

> As a general rule, the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. *State v. Messer*, 408 So.2d 1354 (La.1982). Because the function of the consecutive sentence is similar to that of the sentence imposed upon habitual or dangerous offenders, sentences for contemporaneous crimes should be concurrent unless it is shown that the offender poses an unusual risk to the safety of the public. *State v. Sherer*, 437 So.2d 276 (La.1983).

Defendant in the case at bar asserts that there is nothing in the record to support the conclusion that he poses an unusual risk to public safety.

In *State v. Brown*, 627 So.2d 192 (La.App. 3 Cir. 1993), *writ denied*, 93-3101 (La. 3/18/94), 634 So.2d 850, the defendant was convicted of one count of forcible rape and three counts of sexual battery for having sexual intercourse with his stepdaughter in March and April of 1991. The defendant's four sentences were ordered to run consecutively. This court stated the following regarding the defendant's sentences:

> [I]n cases involving offenders without prior felony record, concurrent rather than consecutive sentences should be imposed, particularly where the convictions arise out of the same course of conduct. *State v. Jacobs*, 383 So.2d 342 (La.1980); *State v. Cox*, 369 So.2d 118 (La.1979). The absence of a criminal past mitigates in favor of defendant; and all the offenses originally charged against him arose out of the same course of conduct. Accordingly, the trial judge should have imposed concurrent sentences under the circumstances.

*Id*. at 199-200.

In *State v. Taylor*, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336, the defendant was convicted of sexual battery and attempted indecent behavior with a

juvenile for rubbing the victim's penis and buttocks and performing oral sex on the victim. His sentences were ordered to run consecutively. In reviewing the defendant's sentences, this court stated the following:

> [W]hile the convictions arose out of the same course of conduct, defendant has a previous conviction for indecent behavior with a juvenile. Additionally, La.Code Crim.P. art. 883 gives the trial judge the discretion to impose consecutive sentences if he expressly directs such. The trial judge did so in this case.

*Id*. at 343.

In *State v. Thibodeaux*, 05-1187, pp. 11-12 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, 1212-1213, *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65, this court discussed the state of the law regrading consecutive and concurrent sentences as follows:

> In the case cited above by the trial court, *State v. Thomas*, 98-1144 (La.10/9/98), 719 So.2d 49, the defendant, a first-time felony offender, was sentenced to consecutive terms of imprisonment on three convictions, one of which was armed robbery. The remaining two convictions were offenses which occurred during and after the armed robbery. The supreme court affirmed the trial court's imposition of consecutive sentences, despite the fact the offenses were committed as a part of a common scheme or plan. The supreme court noted:
>
> > Although Louisiana law favors concurrent sentences for crimes committed as part of a single transaction (citation omitted), a trial judge retains discretion to impose consecutive penalties on the basis of other factors, including the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community.
>
> *Id*. at 49. The supreme court went on to state that "[e]ven granting the consecutive nature of the penalties imposed on all three counts, the defendant's total sentence remains within the 35 to 50 year range this Court has found acceptable for first offenders convicted of armed robbery." *Id*. at 50.
>
> In *State v. Hilton*, 99-1239 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, *writ denied*, 00-958 (La.4/9/01), 786 So.2d 113, the defendant received maximum sentences for four convictions, which included indecent behavior with juveniles, molestation of a juvenile, and cruelty to juveniles. Two of the sentences were ordered to be served

concurrently, but consecutively with the remaining two concurrent sentences for a total term of imprisonment of seventeen and one half years. Hilton alleged the sentences were excessive in light of the fact she was an abused person herself and that she was a first time felony offender. . . .

. . . .

In *Hilton*, the trial court noted for the record the severity of the injuries she inflicted on the children as "most atrocious acts I've ever seen." The trial court noted that the children were only four or five years of age. The first circuit noted: "It is obvious that the judge found that defendant was the worst kind of offender and that the offenses were the most serious." *Hilton*, 764 So.2d at 1038. The first circuit affirmed the trial court's imposition of the maximum sentences and the consecutive application of the sentences.

> While we acknowledge defendant's status as a first felony offender, we believe that the reasons given by the trial court support the sentences. Considering the circumstances of the instant offenses, particularly the reprehensible nature of the crimes and the permanent effect that the offenses will have on the children, we believe that the defendant is one of the most egregious and blameworthy offenders.

*Id*.

In the instant case, the trial court expressly directed that Defendant's sentences be served consecutively and, based on the cases cited herein, it did not abuse its discretion in doing so. For the foregoing reasons, this assignment of error lacks merit.

*Diminution of Sentence*

In sentencing Defendant, the judge stated:

I would note that it is listed as a crime of violence and you are eligible for diminution for good time, but it is under the guidelines of the Department of Corrections for crimes of violence. I think commonly it is referred to as serving 85% of that time period before being eligible for release. In fact, I believe you have already received information as to parole eligibility dates as a result of the offense which are commuted under similar guidelines for parole from the Department of Corrections.

Immediately after making these statements, the judge noted for Defendant that his sentence had not been enhanced under La.R.S. 15:529.1 or La.Code Crim.P. art. 893. Thus, it appears that the judge was complying with La.Code Crim.P. art. 894.1(D) and was advising Defendant whether his sentence was subject to diminution for good behavior.

Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including forcible rape, a violation of La.R.S. 14:42.1. This court addressed this issue in *State v. S.D.G.*, 06-174, pp. 4-5 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1247, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
>> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

Therefore, we amend Defendant's sentences to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A), and we hereby instruct the trial court to note the amendment in the court minutes.

20

**DECREE**

Defendant's sentences are affirmed. We, however, amend the sentences to reflect that Defendant is not eligible for diminution of sentence pursuant to La.R.S. 15:537(A). The trial court is hereby instructed to note this amendment in the court minutes.

**AFFIRMED AS AMENDED, WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.

21